# Schrimpton *v.* Bertolet, Appellant.

*Practice—Rules of court—Trial—Continuance.*

Under a rule of court which provides that " no cause after being placed on the trial list, shall be continued more than once by consent of counsel or parties," the court is bound to grant at least one continuance, if both parties consent.

*Practice—Review—Refusal to continue trial.*

While the Supreme Court does not ordinarily regard a continuance, or a refusal to continue, the trial of a cause in the common pleas as reviewable, it will review a refusal to continue which subjects parties to a trial without witnesses, and is in violation of a written rule of court.

*Sale—Delivery—Evidence.*

In an action to recover the price of two great-gross of pins and needles respectively, a witness for plaintiff testified that defendant denied ordering more than two gross of each, but when shown his orders, ordering two great-gross of each, admitted that they were his orders. The witness testified that defendant had refused to take the goods or pay for them because he had not ordered them, but the witness did not say that defendant admitted he had received or accepted them, or that he had agreed to the price charged. There was no evidence of delivery of the goods. *Held*, that the evidence was insufficient to justify binding instructions for plaintiff.

Argued May 17, 1893. Appeal, No. 362, Jan. T., 1893, by defendant, D. W. Bertolet, from judgment of C. P. Lancaster Co., Aug. T., 1891, No. 139, on verdict for plaintiffs, Alfred Schrimpton & Sons. Before STERRETT, C. J., GREEN, WIL-LIAMS, MITCHELL and DEAN, JJ.

Assumpsit for goods sold and delivered. Appeal from alderman.

From the record it appeared that the case was set down for trial for the week beginning Jan. 30, 1893. The case was called for trial on Feb. 3, 1893, and counsel for both parties agreed to continue the case by consent under the following rule of court : " Section 2. No cause after being placed on the trial list shall be continued more than once by consent of counsel or parties."

The court refused to grant a continuance, and ordered the trial to proceed. [1]

From the statement it appeared that the action was brought to recover the price of two great-gross of pins, and two great-gross of needles.  D. G. Eshleman, one of plaintiff's counsel, testified as follows:

" Some time about the day of the hearing before the alderman, the defendant, Mr. Bertolet, was in Lancaster at the alderman's office, and we retired to the alderman's back room, Mr. Kennedy, Mr. Bertolet and I.  Mr. Kennedy and Mr. Bertolet desired to know what this claim was for; I told them it was for two great-gross of pins and two great-gross of needles. Mr. Bertolet said he never ordered two great-gross of either, but he ordered two gross of each, and the plaintiff had sent him two great-gross of each, and he didn't propose to take them, because he had not ordered them.  I then showed him these orders, marked, ' J. B. L. 1 ' and ' J. B. L. 2.'  He looked at them carefully, and Mr. Kennedy looked at them carefully also. He said those were his orders, and on looking at them found he had ordered two great-gross of each.  He admitted they were his orders.  He said he had ordered two gross of each and was willing to pay for two gross of each at those prices."

No other witness was called either by plaintiff or defendant. Binding instructions for plaintiff were given. [2]

*Errors assigned* were, (1) refusal to grant continuance; and (2) above instruction, quoting it.

*G. C. Kennedy, Eugene G. Smith* with him, for appellant, cited: On the question of continuance: Brennan's Estate, 65 Pa. 19;  Rentzheimer v. Bush, 2 Pa. 88;  North Whitehall Township, 47 Pa. 161;  Alexander v. Alexander, 5 Pa. 277.

*D. G. Eshleman, Geo. Ross Eshleman* with him, for appellee, cited: On the question of continuance: North Whitehall Township, 47 Pa. 161; Peck's Ap., 11 W. N. 31; McBeth v. Newlin, 15 W. N. 129; Gannon v. Fritz, 79 Pa. 303 ; Lance v. Bonnell, 105 Pa. 46; United States v. Breitling, 20 Howard, 254; Deming v. Foster, 42 N. H. 165 ; Pickett v. Wallace, 54 Cal. 147.

OPINION BY MR. JUSTICE GREEN, May 31, 1893:

The entry on the record of the trial of this case states that,

" the parties not being ready to proceed by reason of the absence of witnesses, agreed to continue by consent, the case never having been continued by consent and the written rule of court permitting one continuance by consent. The judge presiding refused to permit a continuance by consent and ordered trial to proceed." The rule of court of the common pleas of Lancaster county on this subject is as follows : " Section 2. No cause after being placed on the trial list, shall be continued more than once by consent of counsel or parties." The necessary implication from this language is that if the counsel, or the parties, on both sides, consent to one continuance, the court will grant it. If it was intended to convey the idea that no cause would be continued by consent, or that, as to a first continuance, the court would grant or refuse the application in their discretion, the language of the rule is entirely inapt. When the rule says that no cause shall be continued more than once by consent its necessary meaning is that it will be continued once by consent. We cannot read the rule in any other way. In that view of the rule, it is clear that the learned court below violated its own rule by refusing to grant even the one continuance when both parties agreed to it. Moreover, counsel were misled to their hurt by reading the rule, as we understand it, and came to the court without any witnesses. We think the decision of this court in Brennan's Estate, 65 Pa. 19, is entirely applicable in such cases. SHARSWOOD, J., in delivering the opinion of the court said : " The principal assignment of error is that the court below confirmed the report in violation of their own written rules. It has been said indeed more than once, that courts are the best exponents of their own rules. . . . Yet it would work the greatest injustice if they were to be allowed plainly to disregard or violate them. This court has often reversed for such cause. When the rights of parties depend upon the observance of court rules and orders there is every reason why we should insist on it. . . . We must reverse the decree on account of this manifest error."

In the case of Whitehall Township, 47 Pa. 156, STRONG, J., said : " It is true that great respect is due to the construction given by a subordinate court to its rules of practice. This order, however, can hardly be called a rule of practice. If it could it has never been understood that the decision of the

lower court in such a case is conclusive upon us.   The contrary has more than once been declared.   And when rights of parties rest upon the observance of court rules and orders, as they do in this case, there is every reason why we should hold the court to them."

While we do not ordinarily regard a continuance, or a refusal to continue, the trial of a cause in the common pleas, as reviewable in this court, a refusal to continue which subjects parties to a trial without witnesses, and is in violation of a written rule of the court is reviewable on error and requires our intervention if assigned for error.   The first assignment is sustained.

We think the second assignment also, is sustained.   It is true the counsel for the plaintiff went upon the witness stand and testified that the defendant had admitted to him that two written orders which he showed the defendant were his orders, and that they did specify two great-gross of pins and needles respectively, and that the plaintiff had sent him two great-gross of each, but he also testified that the defendant said he refused to take them or pay for them because he had not ordered them, and he did not say that the defendant admitted he had received or accepted them, or that he had agreed to the price charged, or to the quality of the pins.   As the defendant was necessarily absent in another county he had no opportunity to testify in reply to plaintiffs' witness, or of explaining the seemingly contradictory position taken by him, according to the testimony of the plaintiffs' witness, in denying that he had ordered two great-gross of the pins and needles, and yet admitting that he had given the orders.   We think the testimony was insufficient to warrant the court in giving a binding instruction to the jury to find for the plaintiffs.   The very important fact as to whether the goods had been received by the defendant, or whether they had been shipped to him in such a manner as to justify an inference that they had been actually delivered, was without proof either by admission of the defendant, or by any other kind of testimony.   Whether the jury might have inferred such delivery if the testimony had been left to them, is another question, but the court could not decide it as matter of law.   We sustain the second assignment.

Judgment reversed and new venire awarded.