# Huntingdon County Line.   Appeal of Huntingdon County.

*Judicial discretion must not be arbitrary.*

The duty of approval by a court of the report of county line commissioners is judicial and not arbitrary or wilful. It must be exercised upon facts and circumstances before the court after they have been heard and duly considered.

*County line commissioners—Confirmation of report—Practice, Q. S.*

In proceedings on a petition for confirmation of report, etc., of county line commissioners the court is obliged to fix a time for hearing the petitions and it may not arbitrarily make a rule returnable forthwith fixing the same day of filing as a time for hearing argument on the exceptions filed.

*Judicial discretion—Appeal—How to be exercised.*

The power and duty to decide disputed questions of fact arising out of the evidence dehors the record in proceedings on report of county line commissioners, rests with the court below; and with their decision, after a fair hearing, the appellate court has no power to interfere; but the act of deciding is judicial and not arbitrary or wilful; the discretion is a sound judicial one and to be a rightful judgment it must be exercised upon the facts and circumstances before them after they have been heard and duly considered.

*County commissioners—Practice, C. P.—Hearing on exceptions—Failure of discretion—Appeals.*

Under the plainest principles governing judicial procedure it is irregular to order an argument of a case upon exceptions alleging matters of fact on the same day that they are filed without giving the opposite parties a reasonable opportunity to produce their testimony covering the same. Such action is not merely a mistake in the exercise of a discretionary power; it is an irregularity prejudicial to the rights of parties; it is apparent on the face of the record and there is no doubt either as to the power or duty of the appellate court to correct it and send the case back for a hearing in due course of law.

Argued March 22, 1899. Appeal, No. 36, March T., 1899, by Huntingdon Co., from decree of Q. S. Mifflin Co., April Ses-

sions, 1897, No. 37, refusing to grant a rule returnable at a future date, to show cause why the report of the county line commissioners should not be approved and ordered to be recorded, and to the decree of the court refusing to approve the report of the county line commissioners. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by RICE, P. J.

Petition of the commissioners of Huntingdon county for a rule on the commissioners of Mifflin county to show cause why the report and map made by the commissioners appointed to run and mark the line between the counties of Mifflin and Huntingdon should not be approved and ordered to be recorded. Before the associate judges of Mifflin county.

The following appears from the docket entries:

November    , 1898. Petition of Huntingdon county, asking the court to fix a day for presentation of petition, filed.

December 19, 1898. Petition of commissioners of Huntingdon county for a rule on the commissioners of Mifflin county to show cause why the report and map made by the commissioners appointed to run and mark the line between the counties of Mifflin and Huntingdon should not be approved and ordered to be recorded, etc.

December 19, 1898. Decree of associate judges of Mifflin county, granting a rule returnable forthwith and argument to be heard at once.

December 19, 1898. Exception to said decree noted for commissioners of Huntingdon county and bill sealed.

December 19, 1898. Exceptions to the report of the commissioners appointed to run and mark the line between the counties of Mifflin and Huntingdon, filed by the commissioners of Mifflin county.

December 19, 1898. Petition of commissioners of Huntingdon county, through their attorneys, praying the court to grant a rule as prayed for in the petition already presented this day returnable at a future day at which time the court can have a disinterested judicial officer to hear said cause, unless counsel of both counties with the consent of your honor shall have agreed upon some other judge to hear it.

December 19, 1898. Decree of associate judges refusing prayer

388 HUNTINGDON COUNTY LINE.

Statement of Facts—Assignment of Error.    [11 Pa. Superior Ct.

of above petition and granting exception and sealing bill for petitioners.

December 19, 1898. Attorneys for Huntingdon county except to decree of associate judges of Mifflin county, decline to argue the case before them and desire that a bill may be sealed.

December 19, 1898. Bill sealed as prayed for above by associate judges of Mifflin county.

December 19, 1898. Evidence offered and filed by the commissioners of Mifflin county in support of their exceptions to the county line report.

December 19, 1898. Decree of associate judges of Mifflin county, sustaining the exceptions to county line report filed by the commissioners of Mifflin county and refusing to approve said report and order it to be recorded.

December 20, 1898. Petition of commissioners of Huntingdon county through their attorneys excepting to said decree and requesting that a bill of exceptions be sealed in their behalf.

January 10, 1899. Attorneys for Mifflin county accept notice of said writ.

January 16, 1899. Petition of commissioners of Huntingdon county for exceptions to the decree of the court refusing to approve the county line report.   Same day exception granted and bill sealed by associate judges.

Huntingdon county appealed.

*Errors assigned* among others were (1) in entering the following decree: "Now, December 19, 1898, the report and petition having been filed and exceptions having been filed by the county of Mifflin to the confirmation of said report, the rule is granted returnable forthwith, and argument be heard at once upon the exceptions."   (6) In entering the following decree: " In the matter of the report of the commission appointed to run and mark the county line between the counties of Huntingdon and Mifflin, this day presented for approval.   And now, December 18, 1898, said report having been presented for approval, exceptions having been filed by Mifflin county, against the approval of the report, after presentation of the testimony to sustain said exceptions, and after argument, on due consideration of the testimony and argument thereof, the court hereby sustains the exceptions and refuses to approve said report, and also refuses to order the same to be recorded."

*W. M. Williamson* and *H. H. Waite*, with them *Samuel I. Spyker*, for appellant.—The several assignments of error go to the conduct of the associate judges of the court below.

In accordance with the opinions and decrees of this honorable court in discharging the two appeals brought into this court in March last, we appeared in the court of quarter sessions of Mifflin county, on the    day of November, 1898, and asked that court to fix a day when we could present our petition to have a day fixed for a hearing on the report of the county line commissioners. The court fixed December 19, 1898. On that day we presented our petition, asking the court to grant a rule, returnable at the next argument court, to show cause why the report should not be approved.

In doing so, we were met with opposition from the attorneys of Mifflin county, who insisted upon a hearing forthwith. We then presented a supplemental petition, setting forth the fact that counsel for Mifflin county had stated in open court on November 19, 1898, that no argument would be had on the day we presented our petition for a rule, and that the president judge had stated that he would not hear the case and that we were without evidence, etc.

After this proceeding was over, the associate judges signed a decree and filed the same of record, refusing to approve said report. It is these several decrees of the associate judges which we specially ask to have set aside, and an order made which will be notice to them that under the law every suitor is entitled to a fair and impartial trial in a court of justice.

In the court of quarter sessions a man is entitled to have a day in court and a fair and impartial hearing on a day fixed, so as to give him ample time to prepare his case for trial. The associate judges undoubtedly had talked this matter over before the court met, and concluded that the only way to subvert the right of Huntingdon county was to overrule the action of the president judge and force the county of Huntingdon into a trial without any preparation and without any notice or time to present its evidence and prepare its argument.

We think that this record is without a parallel in the history of the commonwealth. No court to our knowledge, ever awarded a rule under such circumstances, and made the same returnable forthwith. The rule was granted, was never issued or

served on counsel for Huntingdon county, no rules ever taken out of the court by either party to take depositions, and not a particle of evidence was offered in the court below. The only way that the sworn exceptions filed by counsel for Mifflin county could be sustained, would be by the taking of testimony on a rule issued out of said court and the testimony identified and then taken into the court. We had no opportunity to take out a rule or to take testimony to deny the truth of the facts set forth in the exceptions filed, and the hearing was irregular and illegal, and the decrees arbitrary and wholly unwarranted, the injustice of which is manifest from an examination of the same.

We contend that the court below had no discretion in the matter of our application for a rule returnable at a future date for a hearing of the case on its merits. This was a matter of right. If the court below had any discretion, it was only as to the date when they would hear the cause. If, in its judgment it would not have been suitable to hear the case at the next argument court, a different time might have been fixed. The record clearly shows a denial of our right to have a date fixed to enable us to prepare our case for trial.

The discretion vested in the court of quarter sessions is judicial and not arbitrary: Donoghue's License, 5 Pa. Superior Ct. 1.

And where the record shows as in this case that the court exercises illegal and arbitrary discretion in the matter, this court will promptly set aside its judgments and decrees.

The action of the associate judges in granting a rule returnable forthwith, in view of the fact that they were present on the bench on November   , 1898, and heard the statement of Mr. McKee, of counsel for Mifflin county, that no argument would be had in the cause on the 19th of December, 1898, the day fixed for the presentation of our petition; and the statement of the president judge that he would not sit and hear the cause, and these facts being set forth in our petition, sworn to and presented to the court on the 19th of December, 1898, and not denied, ought to be all that is necessary to convince this court that it was the purpose to surprise the counsel for Huntingdon county; and thus deny them a fair and impartial hearing upon the merits of the case.

*John A. McKee* and *F. W. Culberston*, for appellee.—At com-

mon law the refusal to grant a motion for a new trial, being a matter of discretion, is no ground for a writ of error: Alexander v. Com., 105 Pa. 1.

The court of quarter sessions of Mifflin county did not decide this case in an arbitrary and wilful manner but rendered judgment after due deliberation upon the facts presented by the evidence. The court would have accorded appellant's counsel a full and patient hearing if they had remained, and having declined to participate in the argument by leaving the court room, they denied themselves the right to complain. The allegation that the president judge had declined to act is unfounded in fact. He sat through the argument of the case, and while he did not sign the decree he did not dissent from the decree made by the associate judges. Counsel for appellant recognized the fact that he had participated in the hearing by applying to him to seal them a bill of exceptions the next day at chambers, and his honor, Judge BAILEY, certainly regarded himself as having sat in the case or he would not have granted them an exception and sealed a bill for them.

OPINION BY RICE, J., July 28, 1899:

When this case was here before (8 Pa. Superior Ct. 380) we fully considered, and indicated as clearly as we could, the power and duty of the county line commissioners, the jurisdiction of the quarter sessions to review their findings, and our jurisdiction on appeal. We discover no reason for qualifying anything that we then said upon these subjects, nor is it necessary to repeat it here. We also considered the procedure, and held that the quarter sessions of Mifflin was not bound summarily to approve the report upon its presentation, but ought to appoint a time when the commissioners of Mifflin county might present their exceptions to the report, and the evidence taken in support of and against the same, might be submitted. Pursuant to these suggestions, the commissioners of Huntingdon county, on November 16, 1898, moved the court "to appoint a time for hearing the petitions . . . . for the approval of the report of the county line commissioners," and thereupon the court fixed December 19, 1898, as the time. On the day appointed, the commissioners of Huntingdon presented their petition praying the court to grant a rule to show cause why the report should not be ap-

proved, etc., returnable at "future time," and at the same time the commissioners of Mifflin filed nine exceptions to the report. Instead of granting the rule as prayed for, and in spite of the supplementary petition of the commissioners of Huntingdon county to have a future day fixed, when they could present their evidence as to the matters of fact alleged in the exceptions, the court entered a rule to show cause why the report should not be approved, returnable forthwith, and directed the argument upon the exceptions to proceed at once. The terms of the order are important in the consideration of the case and we quote it verbatim :

"Now, December 19, 1898, the report and petition having been filed and exceptions having been filed by the county of Mifflin to the confirmation of said report the rule is granted returnable forthwith and argument be heard at once upon the exceptions.

"H. C. VANZANT, A. J.
"JOSEPH A. WIRTS, A. J.

"December 19, 1898, exceptions to said decree noted for commissioners of Huntingdon county and bill sealed."

There seems to be a dispute as to the exact moment of time when this last petition was presented, the appellees contending that it was not until after the rule to show cause was entered. We do not regard this as material. It was certainly presented before the hearing began, and the record sufficiently shows that the counsel for Huntingdon protested from the beginning against a summary hearing of the case at that time on the exceptions, and insisted on having the rule to show cause made returnable at a future day.

Much is alleged in the paper-books, and was asserted on the oral argument before us, as to what took place in the court below after the foregoing order was made, which we must disregard. We have to deal with the record only, and are to determine from that alone whether the court below proceeded with regularity, according to law. On the same day, the record shows, the following order was made :

"And now, December 19, 1898, said report having been presented for approval, exceptions having been filed by Mifflin county against the approval of the report, after presentation of the testimony to sustain said exceptions, and after argument

and on due consideration of the testimony and argument there-of, the court hereby sustains the exceptions and refuses to approve said report and also refuses to order the same to be recorded.

"By the court.

"H. C. VANZANT, A. J.
"JOSEPH A. WIRTS, A. J."

If the exceptions had been confined to alleged defects and irregularities which were apparent on the face of the report, the commissioners would have been in duty bound to come to the hearing prepared to meet the objections, and to defend the report they offered for approval, and in that case could not allege that the refusal to postpone the hearing to a future day was an abuse of discretion which would warrant us in interfering. But we are not dealing with such a case but with one where many of the most vital exceptions alleged matters of fact, which could only be proved or disproved by extraneous evidence, and the fair inference to be drawn from the final order is that these as well as those going to the regularity of the report, were sustained. This was too summary a mode of dealing with a matter of this importance. The power and duty to decide disputed questions of fact arising out of evidence dehors the record rests with the court below and with their decision, after a fair hearing we have no power nor disposition to interfere. But the act of deciding is judicial, and not arbitrary or wilful. The discretion vested in the court is, therefore, a sound judicial discretion, and to be a rightful judgment, it must be exercised upon the facts and circumstances before them, after they have been heard and duly considered : Schlaudecker v. Marshall, 72 Pa. 200, 206 ; Huntingdon County Line, 8 Pa. Superior Ct. 380.

Upon what theory could the commissioners of Huntingdon county reasonably be expected to come prepared to meet such exceptions, and the evidence introduced to sustain them on the very day they were filed? The counsel for the appellee answer that the exceptions were substantially the same as those filed in Huntington county, and that the evidence upon which they relied was that taken in the Huntingdon county proceeding. But how were the commissioners of Huntingdon

county to know that, until the exceptions were filed and the evidence was offered? Was it their duty to come prepared to meet any and every allegation of fact that might be made against the action of the county line commissioners? And granting the correctness of the statement of counsel, were the parties bound to submit the case exclusively upon the testimony taken in the Huntingdon county proceeding? We are not questioning the right of the quarter sessions of Mifflin in its discretion to receive in evidence these depositions and their accompanying exhibits, so far as pertinent to the exceptions, thus saving the parties the great expense of taking the same testimony over again; but what we do question is the assumption that the parties were bound to rely exclusively upon that evidence, and had no right to take and submit further evidence in support of and against the allegations of fact contained in the exceptions then filed. Under the plainest principles governing judicial procedure, it was irregular to order an argument of the case upon exceptions alleging matters of fact on the same day that they were filed, without giving the opposite parties a reasonable opportunity to produce their testimony covering the same.

Can we correct the error? We notice, in the first place, that the action complained of appears on the face of the proceedings. We are not compelled to strain our powers beyond an examination of the proper record. In the second place, whilst the refusal to continue a cause is a matter resting in the sound discretion of the court having original jurisdiction, and ordinarily its action must be accepted as final, yet in a plain case of abuse of discretion apparent on the face of the record, the appellate court unquestionably has power to interfere, and to afford to the party aggrieved a reasonable opportunity to present his case. We need only refer to two recent decisions of our Supreme Court where the power was vigorously asserted and exercised: Schrimpton v. Bertolet, 155 Pa. 638; Peterson v. Atlantic City R. R., 177 Pa. 335. The action complained of in the present case was not merely a mistake in the exercise of a discretionary power; it was an irregularity prejudicial to the rights of the appellants, and is apparent on the face of the record. There can be no doubt either as to our power, or as to our duty to correct it, and to send the case back for a hearing in due course of law.

As to the authority of the associate judges to act in the matter, we refer to our former opinion.

The first and sixth assignments are sustained, the orders therein referred to are reversed and set aside, and the record is remitted with a procedendo.