## Huntingdon County Line.

*County line—Duty of commissioners.*

The duty of commissioners appointed under the Act of April 17, 1876, P. L. 42, as amended by the Act of May 23, 1895, P. L. 97, is to designate, survey and mark the boundary line between counties, as established by law; they have no discretionary power to establish a new line.

*County line commission—Binding force of decision by court of one county.*

The approval of the report of county line commissioners by the quarter sessions of one county is not such conclusive adjudication of the questions

of law and of fact as precludes the court of the other county from inquiring into them and refusing its approval.

*Jurisdiction, Superior Court—Certiorari on appeal.*

No appeal, using that term in the sense applied to it prior to the Act of May 9, 1889, P. L. 158, lies from the order of the court of quarter sessions approving or refusing to approve the report, and no mode has been provided by law for bringing on the record the evidence received and considered by the court upon the hearing of exceptions to the report. The jurisdiction of the Superior Court is simply that which the Supreme Court had on certiorari and is restricted to a review of the record proper. It follows that the determination by the quarter sessions of disputed questions of fact raised by the exceptions and depending on evidence outside the record is not the proper subject of an assignment of error.

*Change of venue—Local prejudice—Interest of associate judges.*

When it does not appear that the associated judges had any other or greater interest in the event of a cause than as taxpayers of the county they are not disqualified to sit in the cause; and where no greater local interest or prejudice exists than is ordinarily incident to a county line commission and which was reasonably to be anticipated when the acts of 1876 and 1895 were passed, the court is not bound to change the venue.

Argued April 25, 1900. Appeal, No. 30, March T., 1900, by Huntingdon county, from decree of Q. S. Mifflin Co., April T., 1897, No. 37, refusing to approve the report of the commissioners appointed to run and mark the line between the counties of Huntingdon and Mifflin, and to grant a change of venue. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by RICE, P. J.

Exceptions to report of county line commission and petition for change of venue. Before BAILEY, P. J., and the associate justices of quarter sessions of Mifflin county.

It appears from the record that on March 8, 1897, the report of the county line commission was filed in the court of quarter sessions of Huntingdon county. Exceptions to this report filed by Mifflin county were dismissed by Judge STEWART, specially presiding in the court of quarter sessions of Huntingdon county. On June 30, 1897, the decree of the court of quarter sessions of Mifflin county by the associate justices refusing to approve of the report and declining to order the same to be reported was filed. BAILEY, P. J., refused to concur in the above decree of the associated judges. An appeal taken to the Superior Court

571, (1900).] Statement of Facts—Assignment of Errors.

was dismissed October 10, 1897.   See report of the proceedings in 8 Pa. Superior Ct. 380.

On December 19, 1898, a petition of the commissioners of Huntingdon county to the court of quarter sessions of Mifflin county for rule on the commissioners of Mifflin county to show cause why the report and draft made by the county line commission should not be approved was filed.   On the same day a decree of the associate judges of Mifflin county was made granting a rule on above petitioners returnable forthwith and argument to be had at once on exceptions.   Exceptions to the said decree were filed and appeal taken to the Superior Court, reported in 11 Pa. Superior Ct. 386.

On December 19, 1898, exceptions of Mifflin county to the report of county line commission were filed in the court of quarter sessions of Mifflin county.   On the same day a supplemental petition of Huntingdon county by its attorneys for rule to show cause on Mifflin county, returnable at a future day and to be heard by a disinterested judicial officer, was filed.   On the same day a decree by the associate judges refusing to grant the prayer of the above petition and refusing to call in a disinterested law judge to hear the case, granting exceptions and sealing bill for petitioners, was filed.   Evidence was filed December 19, 1898, by the commissioners of Mifflin county in support of the exceptions to the county line report and on December 19, 1898, decree of the associate judges of Mifflin county sustaining exceptions filed by Mifflin county to county line report, and refusing to approve said report and order it to be recorded, filed.   On August 23, 1899, the petition of commissioners of Huntingdon county to Hon. JOHN M. BAILEY, president judge of the court of quarter sessions of Mifflin county, for change of venue was filed.   On October 6, 1899, opinion and decree of Judge BAILEY refusing application for change of venue filed, and on December 27, 1899, decree of the associate judges of the court of quarter sessions of Mifflin county sustaining exceptions to the report of the county line commission and refusing to approve said report and to order the same to be recorded, filed. Huntingdon county appealed.

*Errors assigned* among others were (1–3) in not affirming the first, fourth and fifth points of Huntingdon county, request-

ing findings of fact. (13) In making the decree refusing change of venue. (14) In refusing to approve the report of the county line commission and in refusing to order the same to be filed. (15) In overruling the objection of Huntingdon county to the offer in evidence of the minority report of J. C. Swigart, one of the county line commissioners, and admitting the said report in evidence.

*L. H. Beers* and *H. H. Waite,* with them *W. M. Williamson,* for appellant.—An abuse of discretion is not a proceeding according to law, but is contrary to law: Donoghue's Appeal, 5 Pa. Superior Ct. 1.

The procedure and findings of the county line commission as shown by their report being regular and in conformity to law, the report should be approved by this court: Huntingdon County Line, 8 Pa. Superior Ct. 380 ; Donoghue's Appeal, 5 Pa. Superior Ct. 1.

As to the several assignments of error relating to the points submitted to the court to answer, being assignments of error Nos. 1, 2, 3, 4, 5, 6 and 7, they may all be treated together. They are saturated with the same error, and it is a crowning one, to wit: the discretion exercised by the associate judges was an arbitrary one and not a judicial discretion and this appears clearly and plainly by the evidence appearing in the record.

The exceptions filed by Mifflin county to the report when presented there raised the same questions which were raised by the exceptions to the report when presented in Huntingdon county and which, after full hearing, were overruled by Judge STEWART and approved by this court.

Our application for change of venue was based upon the 1st, 3d and 4th sections of the first part of the act of March 30, 1875, and the 3d and 4th sections of the second part of said act.

The determination of the question whether a change of venue should be ordered under the Act of March 30, 1875, P. L. 35, authorizing changes of venue in civil causes is judicial and not ministerial. The court or judge is required to hear the application after reasonable notice to the other side and when satisfied of the truth of the facts alleged to make an order, but until so satisfied the duty of the court to make the order does

not arise: Newlin's Petition, 123 Pa. 541; Phila. v. Ridge
Avenue Pass. R. R. Co., 143 Pa. 444.

The associate judges sat once in judgment upon the merits
of this case, and they were incompetent to sit again to pass
upon the same facts.

If a juror has acted as a juror in a former trial of the same
cause it is good ground for a challenge: Freeman v. Wall, 3
Luz. Leg. Reg. 33.

That the action of the president judge of the court below
in refusing to grant a change of venue as prayed for may be re-
ceived on an appeal of the whole case, we cite Phila. v. R. R.
Co., 143 Pa. 444.

We objected to the omission of the minority report of J. C.
Swigart because he withdrew from the commission and never
ran the line with the other members of it.

To allow him to throw into court his ex parte report, when
he had severed his official relations with the commission was
plain error.   The act of 1895 made no provision for a minority
report.

*J. A. McKee* and *F. W. Culbertson*, for appellee.—When this
case was first before this court (8 Pa. Superior Ct. 380), the
assignment of error by Huntingdon county (No. 19, March
term, 1898) was overruled, and the appeal from the order of
June 30, 1897, was dismissed.   The learned president judge
held then that the Act of May 22, 1895, P. L. 97, was manda-
tory and because no exceptions were taken to the report of the
county line commissioners on the day it was filed in the court
of quarter sessions of Mifflin county, the court had nothing to
do but to approve the report as directed by the act, and dis-
sented from the order made by the associate judges.   This
court decided that the act was not mandatory, and sustained
the action of the associate judges at that time.

When this case was again before this court (11 Pa. Superior
Ct. 386), the decree of the associate judges was reversed,
being regarded by this court as an arbitrary act, lacking legal
discretion, because they made the rule asked for by Hunting-
don county returnable forthwith and ordered the cause on for
argument at once, thus affording Huntingdon county no oppor-
tunity to produce its testimony in relpy to the exceptions that

day filed, although it seems it had no additional testimony to offer.

When the court has heard and decided, its whole duty is performed. The court is not required to give reasons for its decision: Toole's Appeal, 90 Pa. 376; Ostertag's Petition, 144 Pa. 426. The court is not bound to set out legal reasons for its action; it is only bound to have them: Gross's License, 161 Pa. 344. Where the record shows a hearing and a decision adequate reasons will be presumed: Donoghue's License, 5 Pa. Superior Ct. 1. The discretion of the quarter sessions once properly exercised is not reviewable; it is the discretion of the quarter sessions exercised in the line of inquiry directed by the statute, and not that of the appellate court, which the law requires. The presumption is that the decree is judicial and not arbitrary: Donoghue's License, 5 Pa. Superior Ct. 1.

The power and duty to decide disputed questions of fact arising out of the evidence dehors the record in proceedings on report of county line commissioners rests with the court below, and with their decision, after a fair hearing, the appellate court has no power to interfere: Huntingdon County Line, 11 Pa. Superior Ct. 386.

OPINION BY RICE, P. J., July 26, 1900:

1. The duty of commissioners appointed under the Act of April 17, 1876, P. L. 42, as amended by the Act of May 22, 1895, P. L. 97, is to designate, survey and mark the boundary line as established by law; they have no discretionary power to establish a new line.

2. The supervisory jurisdiction of the court of quarter sessions is not confined to a mere examination of the regularity and formality of their report. If the proceedings be regular, and no error of law be apparent on the face of their report, and no exceptions be filed, an arbitrary refusal to approve it would not be the exercise of a second judicial discretion. Such an abuse of discretion would be corrected on appeal. Whilst in the determination of disputed questions of fact involved in the ascertainment of the true location of the line such a report raises a prima facie presumption in favor of the line run by the commissioners, yet if it be made to appear to the court by evidence adduced in support of exceptions that their findings as

to the true location of the line are clearly wrong, or that instead of locating the line as established by law, they undertook to establish a new boundary line, or that the report was procured by illegitimate influences brought to bear by interested parties upon the commissioners, the court is not bound to add its approval to the illegal proceeding.

3. The approval of the report by the court of quarter sessions of one county is not such a conclusive adjudication of the questions of law and of fact as precludes the court of the other county from inquiring into them and refusing its approval.

4. No appeal, using that term in the sense applied to it prior to the Act of May 9, 1889, P. L. 158, lies from the order of the court of quarter sessions approving or refusing to approve the report, and no mode has been provided by law for bringing on the record the evidence received and considered by the court upon the hearing of exceptions to the report. The jurisdiction of the Superior Court upon what the act of 1889 denominates an appeal is simply that which the Supreme Court had on certiorari, and is restricted to a review of the record proper. It follows that the determination by the court of quarter sessions of disputed questions of fact raised by the exceptions and depending on evidence outside the record is not the proper subject of an assignment of error. An affirmance of the order or decree of the court below does not necessarily imply an approval of all its findings of fact based on extraneous evidence; it implies only that they are not before us for rewiew. These remarks apply as well to the disputed questions of fact involved in the ascertainment of the true location of the line as to the allegations of misbehavior on the part of the commissioners or of interested parties.

The foregoing conclusions are little more than a restatement in a condensed form of propositions fully considered and discussed in our former opinions in this case. See 8 Pa. Superior Ct. 380; 11 Pa. Superior Ct. 386. After a careful reconsideration of them we see no reason for coming to a different conclusion. As we said in the last cited opinion, "The power and duty to decide disputed questions of fact arising out of evidence dehors the record rest with the court below and with

VOL. XIV—37

their decision, after a hearing, we have no power nor disposition to interfere."

This disposes of all the assignments of error excepting the thirteenth, which relates to the application for change of venue. Upon that question little can be added profitably to the carefully considered opinion of the learned president judge of the court below. We concur in his conclusions : first, that, as it did not appear that the associate judges had any other or greater interest in the event of the cause or in the question to be determined thereby than as taxpayers of the county, they were not disqualified to sit in the cause ; second, that where no greater local interest or prejudice exists than is ordinarily incident to such a proceeding, and which was reasonably to be anticipated when the acts of 1876 and 1895 were passed, the court is not bound to change the venue. It must be alleged and proved to the satisfaction of the court or judge that by reason of local prejudice a fair trial cannot be had : Philadelphia v. Ry. Co., 143 Pa. 444; Felts v. R. R. Co., 160 Pa. 503. The learned president judge to whom this application was made was not satisfied that any of the causes for change of venue specified in the 1st section of the Act of March 30, 1895, P. L. 35, existed, and we are not convinced that in so holding he committed error.

Finding no error in the record and no abuse of discretion being apparent, we make the same order we made in the appeal from Huntingdon County, 8 Pa. Superior Ct. 380.

The assignments of error are overruled and the appeal is dismissed.