# Youngk *v.* Keim, Appellant.

*Judgment—Opening judgment—Signature to note—Forgery—Consideration.*

On a rule to open a judgment entered on a judgment note under seal, the defendant denied the signature. The first name of the signature was in the following form: "Elizzie." There was testimony that the defendant sometimes wrote her first name "Elizabeth," and at others used the shorter form "Lizzie." It was practically admitted that the disputed signature in all other respects, save only the unusual form of the first name, bore a close resemblance to those admittedly genuine ones submitted for comparison. There was evidence that the note was given to secure payment of a balance on settlement of accounts in a business conducted by defendant's husband as agent. There was some conflicting testimony as to the agency of the husband. *Held,* that the rule to open the judgment was properly discharged.

Argued April 12, 1907. Appeal, No. 139, April T., 1907, by defendant, from order of C. P. No. 2, Allegheny Co., Jan. Term, 1901, No. 39, discharging rule to open judgment in case of Mary L. Youngk v. Elizzie S. Keim. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the case.

*Error assigned* was in discharging rule to open judgment.

*L. C. Barton,* for appellant.

*William S. McDowell,* for appellee.

OPINION BY HEAD, J., October 7, 1907:

That the evidence in this case is somewhat conflicting, on the issues of fact involved, does not furnish any sufficient foundation for the conclusion that the learned court below was guilty of an abuse of discretion in discharging the rule to open the judgment. On the main question, as to the genuineness of the signature, there was not only evidence which, if believed, would support the finding that the note was signed by the defendant, but the fair preponderance of the testimony

clearly points to that conclusion. Indeed, apart from the fact that the first name of the signature takes the unusual form " Elizzie," there is no testimony to support an allegation of forgery except the weak and evasive denial by the defendant herself that she signed the note. It was clearly shown that the defendant, in making genuine signatures, sometimes wrote her first name " Elizabeth," and at others used the shorter form, " Lizzie." It was practically admitted that the disputed signature, in all other respects save only the unusual form of the first name, bore a close resemblance to those admittedly genuine ones submitted for comparison. W. S. McDowell, a reputable member of the Allegheny bar, to whom the note was delivered immediately after its execution, testified : " This note was written by me and the amount left in blank, which amounts were filled in, the time of payment and the date at the time the note was delivered to me. I called Mr. Keim's (husband of defendant) attention the following day as to the signature. I was informed that she sometimes signed her name ' Lizzie ' and sometimes ' Elizabeth,' and in executing this note she had got mixed on the two signatures." After hearing the testimony the learned court below thus expresses his conclusion on this point : " Several admittedly genuine signatures of Mrs. Keim were put in evidence, and from a comparison of these with the signature to the note in question, we have no hesitation in saying that the note is genuine. She evidently began with the intention of writing her name ' Elizabeth,' and then proceeded to write it as ' Lizzie,' without taking away the ' E ' and beginning the ' Lizzie ' with a small letter." Besides, it seems highly improbable that a forger, after studying the genuine signatures of the defendant so closely as to be able to simulate them successfully, would imperil the entire scheme by originating and using a form of name that nowhere appeared in any of his models.

The signature having thus been found to be genuine the seal attached to the note imports a consideration. But there was evidence to show that for some time before the execution of the note the husband of the defendant, G. S. Keim, carried on the business of contracting and building as her agent. He was engaged in building a house which his wife subsequently bought, and at that time became indebted to the plaintiff for

mill work, lumber, etc., furnished by her.   On a general settlement of accounts the note now in dispute was given to secure payment of the balance arrived at.   As to the agency of defendant's husband, and on the question whether material to the full amount of the note actually went into the particular house bought by the defendant, there is again some conflict in the testimony.   But, as before stated, this does not establish a right to have the judgment opened, else there would be but little use in the execution of written instruments under seal.

Upon a review of all the evidence we find ourselves unable to say that there has been any abuse of discretion by the learned court below, or that the findings of fact upon which his conclusions rest are not supported by the testimony.

Judgment affirmed.