## Dunbar *v.* Lutton, Appellant.

*Judgment—Opening judgment—Discretion of court.*

A rule to open a judgment is an equitable proceeding addressed to the sound discretion of the court below. The refusal to open a judgment will not be reversed by the appellate court where there is no evidence of an abuse of such discretion, and the record shows that the defendant had not adduced sufficient proof to warrant the court in submitting the case to a jury.

Argued April 22, 1919.    Appeal, No. 107, April T., 1919, by defendant, from order of C. P. Lawrence Co., Dec. T., 1916, No. 47, discharging rule to open judgment in case of Clayton H. Dunbar v. J. W. Lutton.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.  Affirmed.

Rule to open judgment.

The facts appear in the following opinion by EMERY, P. J., discharging rule to open judgment:

September 25, 1916, a judgment by confession was entered on a judgment note dated July 6, 1914, at two years, for five hundred and fifty dollars. This note on its face is payable to plaintiff and is signed by defendant. On same day execution was issued and levy made.

October 13, 1916, defendant presented his petition to stay the writ and open the judgment. The defendant alleges in his petition that he did not owe the plaintiff any money and that he did not sign and deliver the said note, and that the signature to it was a forgery. The writ was stayed and rule granted to show cause why the judgment should not be opened. An answer was filed, replication thereto by defendant and testimony was taken. From the evidence the court finds the following facts:

First: The plaintiff and defendant are brothers-in-law; that is, the wives of plaintiff and of defendant are sisters. The defendant had been previously married and has a

son, Harry Lutton, now a young man, by such former marriage. The name of defendant's present wife is Caroline M. Lutton, and she had been married only three or four years at the time the note in question is dated.

Second: In June, 1914, some trouble arose between the defendant and his wife. The plaintiff undertook to adjust it. He saw the defendant on June 5th and told him the wife demanded $550. The next day, June 6th, the plaintiff and Harvey Lutton, a son of defendant, went to the office of H. L. Wilson, a justice of the peace, and papers were drawn up for the parties to sign.

Third: On the same evening the defendant and his son, Harvey, went to the office of the justice. The defendant signed and acknowledged a form of separation agreement, and also a mortgage on land he owns in this county. These two original papers are attached to the depositions.

Fourth: Afterwards Caroline M. Lutton, the wife, signed the separation agreement. The agreement to live separate and the mortgage are both dated June 6, 1914, and the acknowledgment on each bears the same date. The note is dated July 6, 1914. The justice drew all the papers. He is unable to explain the discrepancy in dates unless he made an error and wrote July instead of June when filling out the note.

Fifth: The defendant admits signing the separation papers and the mortgage but denies signing the note. In this he is corroborated by his son Harvey. The justice says defendant was not in his office again to sign papers and insists that defendant signed the note at the same time he signed the other papers.

Sixth: In the separation agreement the defendant is named as the first party and his wife, Caroline M. Lutton, as second party. The agreement recites as the consideration the sum of five hundred and fifty dollars "this day paid by the party of the first part to the party of the second part, the receipt whereof is hereby acknowledged," whereupon the wife agrees to live apart from her husband

and explicitly released his real and personal property from any and all claims which she might have as his wife.

Seventh : The mortgage recites that it is given in consideration of $550 "received to my full satisfaction of Clayton H. Dunbar," and its conditions reads : "The condition of this deed is such that whereas the said Jacob W. Lutton has executed and delivered to the said Clayton H. Dunbar a certain promissory note of even date herewith for the sum of $550, due two years after date, with interest at the rate of six per cent per annum payable semiannually."

Eighth : The plaintiff paid the $550 to defendant's wife. The three papers, separation agreement, mortgage and note all came to plaintiff through the hands of his wife, who received them from the justice who prepared them. The last instalment of money was paid by plaintiff to defendant's wife and the receipt was given for the full amount at the time. On June 9, 1914, plaintiff's wife took all the papers to the office of the recorder of deeds in Lawrence County. The recorder kept the mortgage for record and returned the note and the agreement to her.

Ninth : The signatures to the note appear to be in the same handwriting as the signatures to the agreement and the mortgage.

### CONCLUSIONS OF LAW.

1. In passing on an application to open a judgment confessed the judge sits as a chancellor. It is his duty to open the judgment and submit the defense to a jury if the evidence presented is sufficient to sustain a verdict against the judgment.

2. The circumstances tend strongly to contradict the story of the defendant. The most emphatic portions of his testimony are his references to the effect that the money was paid to his wife instead of to him for her. He appears to have entertained some fear or purpose of being able to "fix" things with her after he would get the

money. His serious disappointment in not actually receiving the money is quite apparent throughout his examination.

3. The plan for the separation was very simple. The papers show that the justice knew how to carry such a plan into effect, except as to the discrepancy in the month of July for June. The note corresponds precisely with the plan with the recitals in the agreement and mortgage. The carelessness evidenced by writing July instead of June when the other two papers were before the parties, tends very strongly to rebut the theory of forgery. To hold that there was no note prepared and signed with the other papers is to find the justice and the other parties as well ignorant of the contents of the agreement and the mortgage; and, in fact, ignorant of the simple terms necessary to carry the plan into execution.

4. Under the evidence presented the court could not sustain a verdict against the judgment entered on this note, and, consequently, the case should not be submitted to a jury.

The court discharged the rule to open judgment.

*Error assigned* was the order of the court.

*Mont L. Ailey,* for appellant.

*Edward K. Logan,* and with him *William E. Porter,* for appellee.

Per Curiam, July 17, 1919:

This appeal is from the order of the court below discharging a rule to open a judgment. The disputed facts were developed on depositions and, after argument before the court, in a carefully considered opinion reciting material facts it was held, that the defendant had not adduced sufficient proof to warrant the court in submitting the case to a jury. An application of this character is addressed to the sound discretion of the court, and on an appeal to an appellate court the question is whether there has been the proper exercise of that discretion by

the court below. This discretion, of course, must be a sound, judicial one, and to sustain a judgment it must be exercised upon the facts and circumstances before the court after they have been heard and duly considered: Mullet's Exr. v. Hensel, 7 Pa. Superior Ct. 524; Huntingdon County App., 11 Pa. Superior Ct. 386; Colquhoun v. Manf. Co., 62 Pa. Superior Ct. 85; Rishel v. Crouse, 162 Pa. 3; Young v. Keim, 34 Pa. Superior Ct. 337.

After a careful examination of the testimony we adopt the conclusions of fact and law as exhibited in the opinion of the court filed, and the judgment is affirmed.