### Ackler *v.* Miller, Appellant.

*Judgment—Opening judgments—Discretion of court.*

A rule to open a judgment is a proceeding addressed to the sound discretion of the court below. The refusal to open a judgment will not be reversed by the appellate court where there is no evidence of an abuse of such discretion.

Argued October 17, 1919. Appeal, No. 217, Oct. T., 1919, by defendant from judgment of Municipal Court of Phila. Co., April T., 1919, No. 433, discharging rule to open judgment in the case of L. Ackler v. Carl Miller. Before ORLADY, P. J., PORTER, HENDERSON, HEAD and TREXLER, JJ. Dismissed.

Rule to open judgment. Before CRANE, J.
The court discharged the rule. Defendant appealed.

*Error assigned* was in discharging defendant's rule to open the judgment and vacate and set aside the execution.

*C. W. Van Artsdalen,* for appellant.—The court should in the exercise of its equitable discretion have

opened the judgment and allowed the defendant to enter a defense: Cinnaminson Park Co. v. Laws, 63 Pa. Superior Ct. 189.

The statement does not contain sufficient averments of fact to support a judgment: Clement v. Courtright, 9 Pa. Superior Ct. 45; Gauntt v. Considine, 18 D. R. 394; Acme Manufacturing Co. v. Reed, 181 Pa. 382; Billposting Sign Co. v. Jermon, 27 Pa. Superior Ct. 171; Rosenblatt v. Weinman, 230 Pa. 536; O'Donnell v. Neeley, 66 Pa. Superior Ct. 351; Black v. Isaacman, 44 Pa. Superior Ct. 476.

*E. S. Ward,* for appellee.

PER CURIAM, February 28, 1920:

This appeal is from an order of the court below discharging a rule to open a judgment that had been regularly entered. An application of this character is addressed to the sound discretion of the court below, and in the appellate court, the question is whether there has been any abuse of that discretion. This, of course, must be a sound, judicial one, and in sustaining a judgment it must be exercised upon the facts and circumstances before the court, after they have been heard and duly considered: Dunbar v. Lutton, 72 Pa. Superior Ct. 77, and authorities there cited. The disputed facts in this case were fully disclosed by depositions, and after being fully considered, the excuse urged by the defendant for not more promptly moving to make his defense when he had his day in court, was held to be insufficient.

We find no such reversible error in this record, and the appeal is dismissed at the costs of appellant.