## Du Bois v. Du Bois

C. *Townley Larzelere*, for plaintiff.

*James Herbert Egan* and *Isaac S. Grossman*, for defendant.

DANNEHOWER, J., April 12, 1935.—This case comes before the court upon respondent's petition to file an answer nunc pro tunc in an action in divorce. A rule to show cause was granted, to which libellant filed an answer. Depositions were taken on the rule and answer, and oral argument was heard by the court en banc.

The record discloses that on March 3, 1933, the husband filed a libel in divorce on the ground of wilful and malicious desertion. The subpœna sur divorce was made returnable on April 3, 1933. Personal service was made upon the wife on March 16, 1933. Although she was represented at that time by able and competent counsel, no appearance was entered and, thereafter, on August 2, 1933, a master was appointed. On September 8, 1933, the master held a hearing and took testimony. Notwithstanding respondent received 15 days' notice of the master's hearing, she did not appear personally or by counsel. On October 20, 1933, when the master had completed his report and was about to file it, the respondent

caused an appearance to be entered. Thereafter, on January 19, 1934, this petition to file an answer nunc pro tunc was presented to the court. The petition does not contain a proposed answer, but simply avers that respondent "has a full, true, just and complete defense to said cause of action: that because of a pending property settlement, the husband requested respondent to enter no contest to said proceedings and a satisfactory settlement would be made; that a settlement satisfactory to the respondent has not been made, and she is desirous of contesting said divorce."

To this petition, on February 7, 1934, the husband filed an answer, alleging that respondent had received due notice of the master's hearing and failed to appear; that thereafter she was permitted to read and review the testimony taken at the master's hearing and made no objection or complaint to the truth and verity of the allegations contained therein; that a fair and satisfactory property settlement had been perfected with respondent's approval, and thereafter she repudiated the agreements she had authorized her counsel to make, discharged him and employed new counsel; that the husband never requested his wife not to contest said divorce; that the wife's petition is filed in bad faith in order to compel her husband to pay her $1,500, representing rents under a prior written agreement, to which she has no rightful claim.

The depositions reveal that in November, 1929, the husband and wife entered into a written agreement concerning certain real estate, and it is by virtue of this agreement the wife now claims the sum of $1,500 back rents. In the early part of 1931, two years before the divorce action, the respondent consulted her counsel concerning three matters in dispute with her husband, namely: articles of personal property, her support, and back rents under the 1929 agreement. During all these negotiations there was no mention or intimation of divorce proceedings, but only an adjustment of property

rights. When counsel for both parties failed to agree, the wife brought an action in replevin for certain personal property. She caused the arrest of her husband for desertion and nonsupport, and in June, 1931, the court ordered the husband to pay $85 monthly for her support and maintenance. When an effort toward a reconciliation was made, all negotiations were dropped until March, 1933, at which time this divorce action was commenced. In June, 1933, an agreement satisfactory to both parties was effected, in which respondent waived any alleged right which she had to back rents. In September, 1933, when the personal property was about to be delivered and the agreement carried out, respondent made several new demands, which had never been mentioned during the lengthy negotiations and also claimed $1,500 back rents, which she had previously waived. When she repudiated her agreement and adopted such a vacillating attitude, her counsel withdrew from the case. She then employed her present counsel. The depositions of her original counsel and libellant's counsel clearly show a fair and equitable property settlement, made in good faith, with no undue influence or imposition by one party or the other. Respondent's depositions fail to show the nature and character of her defense, or whether she has any defense at all upon the merits. She does not state that libellant requested her not to enter a contest, but does explain that her sole reason for desiring to defend is to work out a satisfactory adjustment of property rights regarding back rents. If the wife is dissatisfied as to articles of personal property, she has a remedy in a replevin action. If she is dissatisfied with the support she is receiving, she also has her remedy. If she is dissatisfied as to back rents, she may bring suit under the written agreement made several years before the divorce action was commenced.

The Divorce Law of May 2, 1929, P. L. 1237, sec. 66, provides that: "The several courts of common pleas are hereby authorized to make and adopt such rules and

practice as may be necessary to carry this act into effect, and to regulate proceedings before masters, and to fix their fees." Rule 15 of our rules of court, passed in accordance therewith, provide as follows: "When there is personal service of the subpœna but no appearance on the part of the respondent for ten days after the return day, the libellant may proceed ex parte." (par. 2.) "When a case is ready for hearing either on answer not demanding a trial by jury, or ex parte, libellant's interrogatories to witnesses shall be filed, whereupon a master will be appointed." (par. 5.) "In all cases notice of the first meeting before the master with copy of libellant's interrogatories shall be sent by the master by registered letter and addressed to the respondent, at least fifteen days prior to said meeting." (par. 6.)

In the present case, there was personal service of the subpœna sur divorce. Although respondent was represented by counsel, no appearance was entered 10 days after the return day and the libellant proceeded ex parte. The respondent received 15 days' notice of the master's hearing, and failed to appear.

Therefore, the question for decision is, whether in our discretion, we may now permit the respondent to file an answer and defend, an appearance having been entered for her more than 5 months after the return day, and this petition to file an answer having been filed 9 months after the return day. Respondent must show good cause for her delay and for her failure to observe our rules of court, before we can permit her to file an answer nunc pro tunc.

"Rules are indispensable aids in the routine business of courts, and to this only they properly apply. Being subject to the authority which gives them existence, they are administered in subordination to the rights and equities of suitors. In other words, they are not to be instrumentalities to defeat those rights; but their provisions are always adhered to, when in any neglect of

them, rights have accrued which it would be inequitable or unjust to disturb. When, however, a failure to comply with their requirements in any given case, is the result of mistake, haste or surprise, and positive injury is likely to ensue to a party, courts will not adhere to them simply on account of the rules, at the expense of justice and the just rights of parties. Hence amendments to fulfil requirements, are generally allowed when offered without unreasonable delay, and before much expense and costs have accrued": Magill's Appeal, 59 Pa. 430.

Respondent does not aver any reason for the wilful disregard of the rules of court, except that libellant requested her not to contest the divorce and a satisfactory settlement would be made. This she has not proved nor even mentioned in her depositions, while libellant's depositions show clearly there was no collusive agreement. According to the weight of authority, agreements relating to alimony or the adjustment of property rights, which do not directly induce the procurement of a divorce, do not constitute such collusion as will bar a divorce. All the facts and circumstances before us show that the scope of the understanding reached by the parties was confined to the adjustment of property rights. To permit respondent to file an answer and defend now, for the express purpose of compelling her husband to settle, would give her an opportunity to set aside the proceedings which are almost consummated. If we allow her to answer, how could we prevent her from demanding a jury trial? This would be a manifest interference with the rights of the libellant, which have accrued from her neglect and would be inequitable. If we should make the pending rule absolute, we would disregard our positive rules and appear to be acting arbitrarily. The appellate courts will reverse when the court below plainly disregards its own rules: Schrimpton v. Bertolet, 155 Pa. 638.

And now, April 12, 1935, for the foregoing reasons,

the rule to show cause why respondent should not be permitted to file an answer nunc pro tunc is hereby discharged.