120    295
32 SC   163

## THOMAS CAWLEY v. PAUL BOHAN.

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 11, 1888—Decided May 7, 1888.

In a suit before a justice against the maker of a note waiving the right of appeal, the defendant appeared and denied his signature. At a subsequent hearing, the defendant did not appear and, on proof of the execution of the note, judgment was entered for the plaintiff : *Held*, that the defendant was not entitled to an appeal from the judgment

Before GORDON, C. J., PAXSON, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY and STERRETT, JJ., absent.

No. 237 January Term 1888, Sup. Ct.; court below, No. 59 February Term 1887, C. P.

On January 10, 1887, an appeal was taken by the defendant from the judgment of a justice of a peace in an action by Paul Bohan against Thomas Cawley. The transcript, filed on January 14, 1887, showed :

Summons returned. On oath of Lial Brown, constable, served. . . . . . And now Friday, the tenth day of December, 1886, at 4 o'clock P. M., plaintiff appears and asks for adjournment until six o'clock on Friday, the 17th day of December, 1886. Now, December 17, 1886, at 6½ o'clock, parties appear. C. F. Bohan, agent for plaintiff. Plaintiff claims $150 on judgment note under seal dated dated December 31, 1874. Defendant denies the signature. Plaintiff asks for a continu-

ance of the case until Tuesday, the 21st day of December, 1886, at 6 o'clock .P. M.

Now, December 21, 1886, at 6 o'clock, plaintiff appears. Plaintiff sworn to signature of Thomas Cawley on a judgment note in the sum of $150, with waiver of inquisition upon real estate and with waiver of right to appeal and of all exemption laws. Plaintiff claims balance due on note, sixty-two dollars and twenty cents ($62.20), and after hearing, judgment publicly for plaintiff and against defendant in the sum of $62.20 debt and costs, in default of the defendant, at 7 : 15 o'clock P. M. Debt $62.20.

Now, January 10, 1887, defendant enters an appeal. Domnick O'Maley bail in this case $100, conditioned for the payment of all costs accrued or that may be legally recovered against the appellant.

On January 19, 1887, upon a verified petition filed on behalf of the plaintiff, a rule was granted to show cause why the appeal should not be stricken off. On a rule to take depositions ex parte defendant, service of which was accepted without prejudice, the defendant testified : " My name is Thomas Cawley ; am 57 years of age ; I live in Pittston township and have lived there for the last twenty-four years ; I am the defendant in this suit ; I know Paul Bohan ; I never signed a judgment note in favor of Paul Bohan ; I do not owe him any money ; I think he owes me ; I saw the judgment note in this case that Frank Bohan, his son, had before Justice Gowan, of Yatesville ; I never signed that note ; it was not my signature on the note ; I said so at the time of the trial. When I saw this note at Yatesville in the office of Esquire Gowan, it appeared to me in the handwriting of three different persons, and written at three different times. I never knew such a note was in existence until the suit. Mr. Bohan never has asked me for money during the past eight years nor claimed to me that I owed him one cent." ·

On April 27, 1887, the court, Woodward, J., filed the following opinion :

The transcript of the justice in this case shows that judgment was entered in favor of the plaintiff and against the defendant on a judgment note under seal, and with a waiver of the right to inquisition upon real estate, of the right to appeal

and of all exemption laws. It also appears from the transcript that the parties appeared before the justice on December 17, 1886; that the justice adjourned the hearing until the 21st, upon the statement (not under oath) of the defendant, that he denied the signature to the note. On the 21st, the plaintiff appeared but the defendant did not. The justice heard the evidence of the plaintiff as to the genuine character of the signature, and then entered judgment in favor of the plaintiff for the amount alleged to remain due and unpaid thereon.

It has therefore been ascertained by a court of competent jurisdiction, after hearing the proofs and allegations of the parties, that the note in question was made by the defendant, and also that it contained a waiver of the right to an appeal. The defendant by his failure to appear at the hearing and either cross-examine the plaintiff or offer testimony in his own behalf, left to the justice no other course open, than the one which he adopted in entering judgment for the plaintiff, and that judgment, by the terms of the note, is final and conclusive. See Watson v. Wetter, 91 Pa. 385; Foss v. Bogan, 92 Pa. 296.

The rule to strike off the appeal is made absolute.

Thereupon the defendant took this writ assigning the said order as error.

*Mr. W. H. Hines*, for the plaintiff in error:

The existence or non-existence of the note as a legal obligation is the primary issue. There is no waiver of a right to appeal, until the instrument which contains the alleged waiver has been established by a trial of that issue. The defendant answered before the justice that he never signed the note; on that issue he has his right of appeal: Constitution, Article I., § 6; North Penn. Coal Co. v. Snowden, 42 Pa. 492; Lauman v. Young, 31 Pa. 306; Harris v. Ligget, 1 W. & S. 306; Riegel v. Wooley, 81* Pa. 227; Snyder v. Berger, 18 W. N. 490; Miles v. Lewis, 115 Pa. 580; Shell v. McConnell, 1 Pears. 27; Foss v. Bogan, 92 Pa. 297; Rowen v. King, 25 Pa. 410; Boyd v. Miller, 52 Pa. 431; Lacock v. White, 19 Pa. 498; Hastings v. Lolough, 7 W. 540.

*Mr. C. F. Bohan*, for the defendant in error:

It is a settled principle that the maker of a note may by his

contract therein waive .the right of appeal, so as to be bound by the waiver: Pritchard v. Denton, 8 W. 372; Dawson v. Condy, 7 S. & R. 366; Watson v. Wetter, 91 Pa. 385; Foss v. Bogan, 92 Pa. 296. The transcript shows that the action before the justice was upon a judgment note signed by the defendant and containing a waiver of the right of appeal. The justice's judgment became conclusive on that point: Calhoun v. Logan, 22 Pa. 49; Brown v. School Directors, 18 Pa. 78.

OPINION, MR. JUSTICE PAXSON:

The note upon which this suit was brought contained a waiver by the defendant of the right of appeal. He appeared before the justice upon the return day of the summons and denied his signature. He was not sworn, nor did he file any affidavit containing such denial. It was sufficient, however, to compel the plaintiff to obtain a continuance, for the purpose of proving the signature. This he did at the adjourned hearing, the defendant not appearing, and the justice gave a judgment for the plaintiff.

It thus appears from the transcript of the justice that the defendant did not at any time make oath that his signature was a forgery, nor did he call a witness for that purpose. He has not raised in any legal way the question of the genuineness of his signature. His unsupported, naked assertion, not under oath, is not sufficient. When the opportunity to sustain his assertion was afforded he declined it, or at least neglected it. He does not account in any manner for his conduct in this respect. In a legal sense it cannot be said that there was a disputed question of fact about the signature. If such disputed fact had been fairly raised, we would have had a different question before us. As it stands, it looks like a device to gain time, and an appeal, to which the defendant was not entitled.

We are of opinion the court below was right in striking off the appeal. If the note was signed by the defendant he had no appeal, because he had waived it; if a forgery, it was his duty to have raised that question in a legal way before he could claim the right of appeal. This he could not do by his mere assertion not under oath.

Judgment affirmed.