## PETITION OF JAMES W. M. NEWLIN.

FOR A MANDAMUS TO THE COURT OF COMMON PLEAS OF INDIANA COUNTY.

Refused, January 21, 1889.

1. The determination of the question whether a change of venue should be ordered under the act of March 30, 1875, P. L. 35, authorizing changes of venue in civil causes, is a judicial and not a ministerial act.
2. The court or judge is required to hear the application after reasonable notice to the other side, and if, or when, satisfied of the truth of the facts alleged, to make an order changing the venue, but until so satisfied the duty of the court to make the order does not arise.
3. This court may compel the performance of the duty to hear and determine, by writ of mandamus, but cannot upon that writ review and correct the conclusions of the court below, and for such purpose a writ of mandamus will be refused.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 000 October Term 1889, Sup. Ct.

In November, 1888, the petition of Mr. James W. M. Newlin was presented to a justice of this court, representing:

That he had brought suit against the county of Indiana for the sum of $2,000, due him for professional services rendered to said county and which, or any part thereof, the said county had declined to pay; that on April 16, 1888, he presented through his counsel a petition to the Court of Common Pleas of Indiana county, in which he had averred, inter alia, as follows:

"That the above action is brought by him against the county of Indiana to recover the sum of $2,000, which the county agreed to pay him for professional services rendered by him to the county, and which obligation the commissioners of said county have repudiated.

"Petitioner further avers that a large number of inhabitants of the county of Indiana, in which the cause is now pending, to wit: all the taxpayers therein, have an interest in the ques-

tion involved in this cause, adverse to the petitioner, and petitioner further says that he believes he cannot have a fair and impartial trial of his cause in the county of Indiana. Petitioner therefore prays your honorable court for a change of venue herein."

Your petitioner further avers that afterwards, upon May 11, 1888, the Honorable HARRY WHITE, judge of the said court, announced orally that he refused to make an order changing the venue, but filed no written opinion; that subsequently petitioner's counsel on several occasions requested judge WHITE to file an opinion, which he has not done, but he has stated that the reason he refused to make the order was that in his own opinion a fair trial could be had in Indiana county.

Your petitioner further says that his application for a change of venue is not intended for delay, and that it is not true that a fair trial of his cause can be had in Indiana county; that after petitioner had rendered the professional services, for which the said commissioners had agreed to pay a compensation which would have equaled $2,000, they had recourse to various subterfuges for the purpose of making a delay in the payment of said fee, which practices were continued as long as possible and finally they declined to pay anything at all; that the objection of the commissioners of Indiana county was not made in good faith, but because they thought from its size the fee would make them unpopular to pay it; thereby the matter became one of public discussion, and persons not familiar with the fact and erroneously supposing that the commissioners of Indiana county were acting in good faith, were led to suppose that the amount claimed by the plaintiff was excessive.

Your petitioner further says that under § 1, act of March 30, 1875, P. L. 35, the court has no discretion and must order a change of venue, if the court shall be "satisfied of the truth of the facts alleged;" that this provision only requires the court in the present case to be satisfied that the applicant comes within the causes set forth in paragraph Fourth or Fifth of the said section.

That the applicant comes within the terms of paragraph Fourth is partly a matter of record, the defendant being the county of Indiana; and the rest of the requirement of that paragraph is fulfilled in the way pointed out by the act, to wit, the oath of the applicant.

That the applicant also comes within the terms of paragraph Fifth of the said act, is shown in the way pointed out by the act, to wit, by the applicant's own oath.

The provisions of § 2 of said act do not make it necessary that the court should be of the opinion that a fair trial could not be had, but the court is to be satisfied of these two facts only: (1) That the parties occupied towards each other the relative positions mentioned in the act; (2) that the *applicant* believes for these reasons that a fair trial cannot be had in the county.

Your petitioner further says that, on the other hand, in the cases set forth in § 3 of the act the court is given discretionary power to order a change of venue or not, and the further provision of the act emphasizes the distinction between the mandatory provisions of § 1, and the permissive provisions of § 3, by expressly providing that the court "may refuse or award such change of venue as in its discretion it shall see fit;" that this fundamental distinction was ignored by the learned judge of the Court of Common Pleas, and the application made by your petitioner under the mandatory provisions of § 1 of the act, was treated as if it had been an application under the permissive provisions of § 3 of the act.

Your petitioner further showeth that in the petition he filed in the Court of Common Pleas of Indiana county he brought himself within the exact words of said § 1 of said act; that the Court of Common Pleas had no discretionary power, and that it was and is the duty of said Judge WHITE to make an order changing the venue of said cause; he therefore prays this honorable court to issue a writ of mandamus to be directed to the said Honorable HARRY WHITE, commanding him, etc.

And petitioner will, etc.

OPINION, MR. JUSTICE WILLIAMS:

This application is made under the act of March 30, 1875. The plaintiff sets out the facts which he alleges entitle him to a change of venue in the above-entitled case; asserts that he has made an application to the Court of Common Pleas of Indiana county in due form for such change, and that his application has been refused; and prays this court to "issue a writ of mandamus to be directed to said Hon. HARRY WHITE, president judge of

the Court of Common Pleas of Indiana county, commanding him to make an order changing the venue in the aforesaid action."

The act of 1875, after an enumeration of the several cases in which a change of venue should be made, proceeded in the second section to prescribe the manner in which the change should be applied for and made. It directs that the application shall be made to the court in which the cause is pending, or a law judge thereof in vacation, by petition setting forth the cause of the application and accompanied by an affidavit of the truth of the facts alleged therein. Notice must be given to the opposite party or his attorney of the application, and after hearing " the said court or judge shall, if satisfied of the truth of the facts alleged," award a change of venue. The duty thus imposed is judicial, not ministerial, in its character. The court or judge is required to hear the application, after reasonable notice to the other side, and if, or when, satisfied of the truth of the facts alleged, make an order changing the venue. But what if the court or judge is not satisfied of the truth of the facts alleged? Clearly, until satisfied, the duty to make the order does not arise. If the court refuse to hear the application we may compel the performance of the duty to hear and determine, by the writ of mandamus, but we cannot control the discretion, direct the belief, or correct the reasoning of the court or judge in so summary manner. What is complained of in this case is not that the judge did not hear, but that, having heard, he decided in a manner which the plaintiff thinks was wrong; and he asks us to review and correct the conclusions of the learned judge upon a writ of mandamus. This we cannot do, and for this reason the motion for the writ is refused.

This question is discussed in Dechert v. Commonwealth, 113 Pa. 229; Raudenbusch's Petition, 120 Pa. 328, and the distinction taken here is recognized and stated with clearness.