Felts, Appellant, *v.* Delaware, Lackawanna & Western Railroad Company.

*Appeals—Abuse of discretionary power.*

There is no appeal from a judgment rendered in the exercise of a discretionary power, unless it is specifically given by statute.  It is not the use, but the abuse of such a power that gives the Supreme Court its supervising control in such cases.

*Change of venue—Discretion of court—Appeal.*

The Supreme Court has no jurisdiction to entertain an appeal from an order of the court of common pleas refusing a change of venue, where it is neither alleged nor shown that the exercise of the discretionary power of the lower court was abused.

Argued Feb. 22, 1894.  Appeal, No. 360, Jan. T., 1894, by plaintiff, Isaac B. Felts, from order of C. P. Lackawanna Co.,

June T., 1889, No. 437, discharging rule for change of venue. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for change of venue in ejectment.   Before SMITH, J.

The petition alleged that defendant company employed a very large number of the citizens of the county in its business; that a large number of the inhabitants of the county were its stockholders; that the company had practical control of the two principal matters of business transacted in the county; and that the company's officials had been active in creating a prejudice against the petitioner.   Depositions were taken by both parties, and the court, after argument, without filing an opinion, discharged the rule for change of venue.

*Error assigned* was " that the court erred in refusing to change the venue."

Appellee moved to quash the appeal for the following reasons :

" 1. That the act of the court below in refusing a change of venue is made by the act of assembly discretionary with the court, and dependent even then upon the allegations set forth in the petition appearing to the satisfaction of the court, and it nowhere appears upon the record that they did so appear.

" 2. There was no exception taken to the decree of the court below in refusing the change of venue.

" 3. There being no exception to the decree of the court there is no evidence brought up and made a part of the record.   The affidavits and evidence are not a part of the record.

" 4. The pleadings, consisting in this case of the petition for the change of venue, upon which the case rests entirely, are not printed in the paper-book of the appellant, so as to bring them before the court."

*W. H. Jessup, W. H. Jessup, Jr., Horace Hand* and *M. I. Corbett* with him, for appellee, cited, in support of motion to quash appeal : Act of March 30, 1875, P. L. 35 ; Runkle v. Com., 97 Pa. 328 ; Griffith v. Cochran, 5 Bin. 87 ; Com. v. Perkins, 7 Pa. 42 ; Com. v. Mitchell, 82 Pa. 343 ; Newlin's Petition, 123 Pa. 541 ; Phila. v. R. R., 143 Pa. 444 ; Library v. Ingham, 1 Whart. 72 ; Columbia Bridge Co. v. Kline, 4 Clark, 39 ; Union

Canal Co., 5 Watts, 104 ; Latshaw v. Steinman, 11 S. & R. 356 ; Renniger v. Thompson, 6 S. & R. 1 ; Bain v. Funk, 61 Pa. 185 ; Miller v. Sprecher, 2 Yeates, 162 ; Shortz v. Quigley, 1 Bin. 224 ; Brown v. Ridgway, 10 Pa. 42 ; Lindsley v. Malone, 23 Pa. 24 ; Neil v. Tate, 27 Pa. 208 ; Tasker v. Sheldon, 115 Pa. 107 ; Janney v. Howard, 150 Pa. 339 ; Connell v. O'Neil, 154 Pa. 582 ; Laufer v. Sell, 141 Pa. 159.

*A. Ricketts, John F. Scragg* and *E. Merrifield* with him, for appellant, cited, contra : Acts of June 16, 1836, P. L. 785 ; March 30, 1875, P. L. 35 ; March 18, 1875, P. L. 30 ; May 20, 1891, P. L. 101 ; Com. v. Balph, 111 Pa. 365 ; Com. v. Delamater, 145 Pa. 210 ; Com. v. Nathans, 5 Pa. 124 ; Wallington v. Kneass, 15 Pa. 313 ; Piper's Ap., 20 Pa. 67 ; Hallowell's Ap., 20 Pa. 215 ; Baker v. Williamson, 4 Pa. 456 ; Finney's Ap., 37 Pa. 323 ; Rand v. King, 134 Pa. 641 ; Bierly's Est., 81* Pa. 419 ; Robinson's Ap., 62 Pa. 213 ; Brightly's Eq. Jur. 645 ; Lance's Ap., 55 Pa. 16 ; Dan. Ch. Pl. & Pr., 5th Am. ed. 1488.

PER CURIAM, March 26, 1894 :

We have no doubt about our jurisdiction in cases arising under the laws relating to a change of venue. The question is as to the extent of our supervising powers. A motion for a change of venue is addressed to the judicial discretion of the court in which it is made. If the judge declines to hear it we can direct him to proceed to a hearing. If he hears and decides it, whether for or against the motion, we cannot supervise the exercise of his discretionary power unless an abuse of that power is alleged and shown. We may think he was mistaken, but that is not enough : Newlin's Petition, 123 Pa. 541 ; Runkle v. The Commonwealth, 97 Pa. 328. There is no bill of exceptions to the admission or rejection of evidence in applications to the discretion of a judge. There is no appeal from a judgment rendered in the exercise of a discretionary power, unless it is specifically given by statute. It is not the use, but the abuse, of such a power that gives this court its supervisory control in such cases. What we have in this case is a complaint that the learned judge reached a wrong conclusion, and an effort to correct the alleged mistake, by an examination of the case upon its merits here. This as we have seen cannot be done. The appeal is for that reason dismissed.