## Stewart, Appellant, v. Stewart.

*Divorce—Vacation of order appointing master—Trial by jury—Appeals—Interlocutory order—Fee of master.*

A decree of the court vacating an order theretofore made appointing a master to take testimony, and allowing a jury trial on the petition of the respondent, is an interlocutory decree from which no appeal lies while the case is pending.

It seems that an order allowing a jury trial is not the subject of appeal, except possibly to review a clear abuse of discretion by the court below.

An application for a jury trial after a master in divorce had been appointed, is not too late where the court has permitted the respondent to file a supplemental answer, and such answer sets forth new matters of defense.

Where the court has vacated an order appointing a master in divorce and allowed a jury trial, the master will be allowed a reasonable compensation for his services, and this is especially the case where the ability of the libellant, the husband, to pay is not disputed, and the inability of the respondent is shown.

Argued Nov. 10, 1916.   Appeal, No. 305, Oct. T., 1916, by plaintiff, from order of C. P. No. 2, Philadelphia Co., June T., 1915, No. 287, vacating the appointment of a master and allowing jury trial in case of Alonzo H. Stewart v. Ethel J. Stewart.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Libel in divorce.

From the record it appeared that the court made the following orders:

"And now, to wit, this 4th day of February 1916, upon consideration of the within petition and motion of James Gay Gordon, the court grants a rule to show cause why the proceedings in divorce should not be withdrawn from Robert S. Bright, Esq., master, and why the issues of fact, as stated in the within petition, shall not be tried by a jury; all proceedings to stay meanwhile; returnable 11th day of February, 1916, at 1 p. m.   WESSEL, J." (P. 49a.)

By the court: "2/17/1916.   Rule absolute for jury trial.   Leave granted to either party to present a petition to have case advanced on trial list."

And now, to wit, this 25th day of April, A. D. 1916, on consideration of the within petition and on motion of Robert S. Bright, the court grants a rule on Alonzo H. Stewart, the libellant in the above case, to show cause why he should not pay a master's fee of $200 in addition to the $50 on deposit with the prothonotary to Robert S. Bright.   Rule returnable May 7, 1916, at 1 p. m.

May 12, 1916, rule absolute.

*Errors assigned* were the orders of the court quoting them.

*Frederick J. Shoyer,* with him *Henry Arronson,* for appellant, cited: Allison v. Allison, 46 Pa. 321; Labinsky v. Labinsky, 15 Lackawanna Jur. 96; Reinbold v. Reinbold, 15 Pa. C. C. R. 335; Neagley v. Neagley, 1 Northumberland Leg. J. 99; Renard v. Renard, 60 Pa. Superior Ct. 386.

*Wm. P. Davis, Jr.,* with him *David R. Griffith* and *James Gay Gordon,* for appellee, cited: Weagley v. Weagley, 40 Pa. C. C. R. 355.

OPINION BY HENDERSON, J., March 9, 1917:

The first error assigned is to the action of the court in vacating an order theretofore made appointing a master to take the testimony in the case and allowing a jury trial on the petition of the respondent. The order appointing the master and the subsequent revocation thereof were interlocutory. Neither of them was in any sense a final judgment, the case is still pending and we can not at this stage of the proceedings review the action complained of as no certiorari or appeal lies from such an order. It may well be doubted whether the appellant has standing to object to the allowance of a jury trial. He is the complainant in the case and presumably is prepared to prosecute his case either before the court or before a jury. The determination of the question whether there shall be a jury trial or not rests with the court. The only limitation on the authority of the court to award a jury trial is that part of the Act of April 20, 1911, which provides that a rule for such trial shall not be made absolute "when in the opinion of the court a trial by a jury can not be had without prejudice to public morals." This restriction is addressed to the sound judgment of the court and is not a provision in the interest either of the complainant or defendant in such case. Moreover, it is a statutory proceeding and our attention has not been called to any provision for an appeal. Acts within the discretion of the courts are generally not reviewable unless perhaps in a flagrant case of wrong and the order referred to does not exhibit any feature of wrong or a clear abuse of discretion. It may be as argued by the learned counsel for the appellant that a public narration of the facts relied on by the respective parties would be prejudicial to public morals but this might be said in the case of all proceedings for divorce and of many criminal proceedings. Many sociologists and ethical teachers entertain the opinion that the publication of reports of crimes and acts of immorality are injurious to public morals and therefore prejudicial to the

general welfare but the legislature has not seen fit to prohibit such publications nor has it declared that all divorce proceedings must be conducted without the assistance of a jury.   If we concede that the part of the order which allows a jury trial is the subject of appeal we are not persuaded that the record exhibits an abuse of discretion such as would justify a reversal of the action complained of.   The suggestion that the petition came too late is answered by the fact that the court had made absolute a rule to show cause why the respondent should not have leave to file a supplemental answer. , This answer contained a prayer for a jury trial.   It set forth a new ground of defense and the bill of particulars filed pursuant thereto disclosed facts alleged to have occurred after the case was begun.   This new issue was as much the subject of inquiry as the charge preferred by the complainant, and with the record standing as it did we find no substantial objection to the awarding of the trial in the exercise of the discretion which the statute vested in the court.

In the second assignment the appellant objects to the order of court fixing the master's fee and directing the payment thereof by the appellant.   This order seems to have been made at the instance of the master and the appellee was in no wise responsible therefor.   The act of assembly allows a large discretion to the court in the matter of the costs of a divorce proceeding and inasmuch as the appellant procured the appointment of a master we see no reason why reasonable compensation for the services rendered should not be paid by him.   The ability of the appellant to pay is not disputed and the inability of the respondent is shown by the undisputed evidence. She is the defendant, too, and has not been adjudged to be in default.   Under the circumstances therefore the court seems to have been within the limits of propriety in making the order.

The third assignment is not important in view of the present state of the record and does not require con-

sideration.   A jury trial having been allowed and the appointment of the master having been vacated no further proceeding for the taking of testimony could be had as contemplated in the rule which was discharged.

The assignments are overruled and the decree affirmed at the cost of the appellant.