Adelman, Trustee, Appellant, *v.* John McShain, Inc.

Argued October 14, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, and HIRT, JJ.

*Samuel B. Blaskey,* with him *Wexler & Weisman,* for appellant.

*Walter E. Knecht, Jr.,* with him *Vincent P. McDevitt,* of *Burch, McDevitt & Watters,* for appellee.

OPINION BY RHODES, J., February 28, 1942:

This is an action in assumpsit brought by plaintiff to recover for goods sold and delivered to defendant. Plaintiff obtained judgment for the amount of his claim before a magistrate on December 12, 1940. On January 16, 1941, defendant presented its petition to the municipal court for leave to file an appeal nunc pro tunc. On the following day a rule to show cause was issued. The petition set forth that defendant had no knowledge or notice of the entry of the judgment until after the time allowed for an appeal had elapsed. Plaintiff filed an answer. It appears from the petition and answer that a summons in assumpsit was regularly issued from the magistrate's court and duly served upon defendant, commanding it to appear before said magistrate on December 5, 1940. At that time the case was continued until eleven A.M. on December 12, 1940. At the continued hearing defendant did not appear, and judgment was entered for plaintiff and against defendant. Cf. *Cawley v. Bohan,* 120 Pa. 295, 14 A. 59. Defendant in its petition did not aver that it had no knowledge or notice of the continued hearing, and it did not give the nature of any defense to plaintiff's claim, and no affidavit of defense accompanied the petition. Argument was

heard on petition and answer, the rule to show cause was made absolute, and an appeal nunc pro tunc was allowed. As the moving party ordered the cause for argument on petition and answer, all averments of fact responsive to the petition and properly pleaded in the answer must be deemed admitted for the purpose of the rule. Pa. R.C.P. No. 209; Goodrich-Amram, §209.

An appeal from a magistrate's court is regulated by the same law that applies to an appeal from a justice of the peace. *Marcus v. Cohen et al.,* 94 Pa. Superior Ct. 383, 385; Act of March 29, 1851, P. L. 272, §12, 42 PS §1077; Act of May 10, 1927, P. L. 866, §18, 42 PS §1058. In order to be effectual an appeal from a magistrate's judgment regularly entered must be taken within twenty days after judgment has been given. Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, §4, 42 PS §662. The granting or refusing of an appeal nunc pro tunc from the judgment of a justice of the peace or magistrate is a matter of sound discretion of the court to which the application is made. *A. J. Kutz & Son v. Skinner,* 7 Pa. Superior Ct. 346, 348. Something more than a defendant's lack of diligence is necessary to warrant the allowance which is the equivalent of an extension of the statutory period within which an appeal may be taken. *Patterson v. Gallitzin Building & Loan Ass'n,* 23 Pa. Superior Ct. 54, 57; *Wise v. Cambridge Springs Borough,* 262 Pa. 139, 143, 144, 104 A. 863. But, for example, where there has been fraud or its equivalent, such an appeal may be allowed. *Marcus v. Cohen,* supra, p. 386; *Higgins v. The Educators,* 147 Pa. Superior Ct. 400, 24 A. 2d 19; *McIlhaney v. Holland,* 111 Pa. 634, 636, 5 A. 731; *Nixon v. Nixon,* 329 Pa. 256, 260, 198 A. 154.

Defendant has filed a motion to quash the appeal to this court on the ground that the order of the court below was not a final order or judgment, and consequently not appealable. See *Yost v. Davison,* 5 Pa. Superior Ct. 469. This motion is overruled. We recognize that

the order was one which the court below in the proper exercise of its discretion could have made, and generally it would not be reviewable. But such an order, if it amounts to a clear abuse of discretion apparent on the face of the record, may be set aside on appeal. See *Huntingdon County Line*, 11 Pa. Superior Ct. 386, 394. It has been said that there is no appeal from a judgment rendered in the exercise of a discretionary power unless it is specifically given by statute. *Felts v. Delaware, Lackawanna & Western R. Co.*, 160 Pa. 503, 505, 28 A. 838. However, it is not the use but the abuse of such a power that gives appellate courts supervisory control in such cases. *Felts v. Delaware, Lackawanna & Western R. Co.*, supra; *Com. v. Nagle*, 31 Pa. Superior Ct. 175, 176. See, also, *Stewart v. Stewart*, 65 Pa. Superior Ct. 593, 595; *Sockett v. Philadelphia Toilet & Laundry Co.*, 92 Pa. Superior Ct. 254, 256; *Gordon, Secretary of Banking, v. Hartford Sterling Co. et al.*, 319 Pa. 174, 179, 179 A. 234; *Moore v. Thomas Moore Distilling Co.*, 234 Pa. 413, 415, 83 A. 281. An abuse of discretion is not merely an error of judgment, but, if, in reaching a conclusion, the law is overridden or misapplied, discretion is abused. *Mielcuszny et ux. v. Rosol et ux.*, 317 Pa. 91, 93, 94, 176 A. 236. In *Com. v. Shaffer*, 52 Pa. Superior Ct. 230, at pages 234, 235, in an opinion by President Judge RICE, this court said: "The phrase, 'abuse of discretion,' as applied to judicial proceedings, does not necessarily imply a willful abuse or intentional wrong. It may occur through an honest though erroneous opinion entertained by the court as to the nature and extent of its discretionary power and as to the legal principles governing its exercise. And where this is plainly made to appear to the appellate court, in a legitimate way, it may set aside the action complained of and remit the matter to the court of first instance, with direction to proceed according to the legal principles governing the judicial discretion com-

mitted to it." See *Osborn et al. v. Bank of the United States,* 9 Wheaton 738, page 866.

There can be no extension of time for taking such an appeal as in the present case as a matter of indulgence, nor can the law fixing the period within which such an appeal shall be taken be arbitrarily overridden. Defendant's petition contains no substantial allegation to support the action of the court below, and gives no satisfactory explanation of defendant's failure to take an appeal within the statutory period. It is not sufficient that defendant merely averred that it had no knowledge or notice of the entry of the judgment by the magistrate, and there was no other reason given for its neglect and delay. *Rudy v. Troup,* 67 Pa. Superior Ct. 160. For all that appears, if defendant did not know of the judgment that was its own fault.

We fail to find anything in the record proper which would justify the court below in allowing an appeal nunc pro tunc. In doing so there was a clear abuse of discretion; for this reason we are constrained to reverse the order.

The order of the court below is reversed, and the record is remitted with the direction that the appeal from the magistrate's judgment be stricken off.