## Pifer v. Lamoureaux

*Greevy, Knittle, Fisher & Rice*, for plaintiff.

*Fierro, Campana, Campana and Miele*, for defendant.

WILLIAMS, P. J., July 25, 1961.—On June 15, 1961, judgment was entered against Raymond L. Lamoureaux by Justice of the Peace A. Edgar Eschenbach in favor of Lee Pifer.

A rule for an appeal nunc pro tunc was granted and testimony on this rule was taken by the court. According to the testimony, Lamoureaux telephoned Eschenbach at 10 minutes of five on July 5, 1961, the twentieth day after the hearing. He was in the office of attorney Miele at that time. He declared to the justice of the peace that he was going to take an appeal and was told that he would have to be there by 5 p.m. He arrived at the magistrate's office at 5:10 p.m., a secretary telling him that the magistrate had departed but that he would probably return by 7 p.m. At 7 p.m. Lamoureaux again appeared at Eschenbach's office. Mrs. Eschenbach informed him that her husband was not in his office. On the evening of this happening, the justice of the peace was at a carnival which was being promoted by a fire company of which he was chief.

Of importance to the issue is the fact that Justice of the Peace Eschenbach has posted office hours which show his office closes at five in the afternoon on all but two nights, July 5th not being one of these nights. He did testify, however, that when he is home he usually takes care of clients on all nights of the week.

After Lamoureaux was unable to see Eschenbach on July 5th, he appeared at his office on July 6th and was told that he was too late. On this same day, Lamoureaux petitioned this court for the appeal nunc pro tunc, and on the same day the alderman filed his transcript with the prothonotary showing judgment.

According to the acts of assembly in such cases provided, a party has a right to appeal from judgment of an alderman within 20 days after judgment. The granting or refusing of an appeal nunc pro tunc from a judgment by the justice of the peace or magistrate

is a matter of sound discretion of the court to which the application is made. Something more than a defendant's lack of diligence is necessary to warrant the allowance which is equivalent of an extension of the statutory period within which an appeal may be taken. Such an appeal may be allowed where there has been fraud or its equivalent: Adelman v. J. McShain, Inc., 148 Pa. Superior Ct. 138. In Heiser v. Elliott, 5 Lyc. 6, this court said that if without fault, a party desiring to appeal from a judgment of a justice of the peace is prohibited from doing so by the act of the latter, an appeal may be allowed nunc pro tunc if asked for within a reasonable time.

In the instant case, there is no question that defendant was ready and willing to perfect an appeal before the end of the 20 days. The question is as to whether or not he had to do this during the hours posted by the justice of the peace as his office hours. In an early case, Clark v. Wallace, 3 P. & W. 441, an appeal was allowed nunc pro tunc when the prothonotary declined to go to his office at 8 p.m., after he had officially closed his office at five, the court pointing out that the prothonotary had previously opened his office for business in the evening.

We are of the opinion that the appeal should be allowed in this case. Mr. Eschenbach keeps his office open on some evenings and most justices of the peace generally make themselves available. Mr. Eschenbach admitted that when he was home he would open his office at any time.

### Order of Court

And now, July 25, 1961, the appeal of Raymond L. Lamoureaux is allowed nunc pro tunc. The said Raymond L. Lamoureaux is directed to perfect his appeal within three days of this order and notice hereof, said appeal to be perfected in the prothonotary's office of Lycoming County, to no. 474, May term, 1961.