## Franconia Township v. Meade

*Francis J. Tarquini*, for petitioner.

*Philip R. Detweiler*, for respondent.

HONEYMAN, J., July 13, 1965. — This matter arises on a petition for leave to appeal from defendant's conviction in summary proceedings before a justice of the peace for violation of the Franconia Township Soliciting and Peddling Ordinance. The township's answer denies defendant's allegations, and also raises as new matter the defense that the petition for appeal was not timely entered, as it was filed more than one month after the date on which the justice of the peace adjudged defendant guilty of a violation of such ordinance.

Defendant was arrested while soliciting sales for Family Record Plan, Inc., at 3:30 p.m. on April 3, 1964. At 4:17 p.m., after defendant had tried unsuccessfully to get in touch with his superior in order to get representation at the hearing, the justice of the peace proceeded with his hearing, resulting in the conviction of defendant for violating Ordinance No. 13 of Franconia Township. This ordinance requires a nominal fee for a license. The purpose of requiring the license is to regulate soliciting and peddling in Franconia Township. Defendant is an employe of the above-mentioned corporation, a California entity, with its offices and warehouses and other business facilities located in the State of California. Family Record Plan, Inc., is a company engaged in selling exclusively in interstate commerce. Orders are taken by door-to-door salesmen and forwarded to the company's office in Los Angeles, Calif., for acceptance. The album is sent by parcel post direct to the customer from outside the Commonwealth of Pennsylvania, and the certificate is mailed to the customers from the company's office in Los Angeles.

Defendant alleges various grounds for granting his leave to appeal the conviction. Appeals in cases of summary convictions are governed by the Act of April 17, 1876, P. L. 29, sec. 1, as amended, 19 PS §1189. This section provides:

"In all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, *within ten days* after such conviction, appeal to the court of quarter sessions of the county..." (Italics supplied.)

Since the act fixes a time period in which an appeal can be taken, it seems that only in extreme cases should a court allow an appeal nunc pro tunc. As the period set by the statute is 10 days, and the appeal by defendant was 32 days after the conviction before the justice of the peace, defendant has clearly failed to adhere to the statute. The cases provide that there should not be an extension of time except in extraordinary cases.

". . . Parenthetically it may be observed that the right to such appeal nunc pro tunc is at least extremely doubtful. This question was treated in Adelman, Trustee, Appellant, v. John McShain, Inc., 148 Pa. Superior Ct. 138, 24 A. 2d 703, which held that the time for taking an appeal may not be extended as a matter of indulgence, nor can the law fixing the period within which such appeal shall be taken be arbitrarily overridden; citing Nixon v. Nixon, 329 Pa. 256, 198 A. 154. In the latter case Chief Justice Kephart carefully reviewed all of the cases where an appeal is sought after the time for taking it had expired, and reached the conclusion that unless he (the putative appellant) satisfactorily explains his delay and the occasion is extraordinary and involves fraud or some breakdown in the court's operation through a default of its officers, whereby the party has been injured such appeal is barred. . . .": Commonwealth v. Keul, 163 Pa. Su-

perior Ct. 550, 552 (1949). See also Commonwealth v. Spudes, 54 Luz. L. R. 12 (1963).

Assuming that defendant found it necessary to communicate with his office in California before he could defend this charge which was brought against him, and thus the delay in appeal was for a valid reason, the allegations contained in defendant's complaint do not constitute fraud or other breakdown in the court's operation. Defendant admits that he had not obtained a license, and that he makes sales by going from door-to-door. He admits that he wanted to sell some of his plans in Franconia Township. There was testimony that he attempted to make sales in that township. This testimony was not denied at the hearing or in Mr. Meade's depositions. There can be no doubt that he has violated the ordinance which regulates the actions of peddlers in that township.

The ordinance is a regulatory ordinance rather than one seeking to collect revenue. This is seen by the provisions of the ordinance. A look at section 3 of the Board of Supervisors of Franconia Township Ordinance No. 13 bears this out.

"SECTION 3. Every person desiring to engage in soliciting or peddling in Franconia Township shall first make application to the Franconia Township Police Department for a license. If such person shall also be required to obtain a license from any County Officer, he shall, on making such application, exhibit a valid County license. The said application shall be upon a blank provided by the Police Department and shall contain at least the following information verified by oath or affirmation.

"(a) Full name of the applicant and local address, if any.

"(b) Permanent address.

"(c) Name of employer or a statement that such applicant is self-employed.

132

"(d) The nature of the goods, wares, services or merchandise offered for sale.

"(e) A statement as to whether or not the applicant has ever been convicted of any crime, and if the answer is in the affirmative, the nature of the offense or offenses and the punishment or punishments imposed therefor.

"(f) The type of vehicle to be used, if any.

"(g) Upon request, the applicant shall also submit to fingerprints and furnish a photograph, PROVIDED:

"(1) Where a person makes application for himself and one or more helpers, all applicable personal information specified above shall be given for each helper and verified by oath or affirmation by him and an individual license shall be required for each helper. No license under this ordinance shall be transferable from one person to another".

The ordinance requires payment of a $2 fee before a license will issue. This is reasonable, as it probably costs more than that to administrate the above procedures in order to provide protection for the community. This ordinance is clearly different from the one under consideration in Olan Mills, Inc. v. Borough of Grove City, 18 D. & C. 2d 284 (1959), wherein the peddling ordinance was held unconstitutional, because the license fee of $50 per month bore no reasonable relation to the cost of enforcing the ordinance, and residents of the borough were exempt from the provisions of the ordinance. The ordinance herein is regulatory only, and is valid and lawful because its license fee is modest and obviously in direct relation to the administrative costs involved. Likewise, it pertains and controls door-to-door soliciting and peddling by all individuals within the township, both resident and transient. The mere fact that it applies to a solicitor who works for an out-of-State company does not render it invalid or

unconstitutional: California v. Thompson, 313 U. S. 109, 113 (1941); Sum. Pa. Jur., Constitutional Law, §148.

Since the petition contains no valid allegations of fraud or administrative corruption, defendant's petition for an appeal nunc pro tunc is dismissed.

ORDER

AND NOW, July 13, 1965, after argument before the court and upon consideration of the briefs filed, the petition for the allowance of an appeal nunc pro tunc is dismissed.