## Watt v. Wright

*Arnold W. Hirsch*, for plaintiff.

*Charles C. Keller*, for defendant.

*Frank C. Roney*, for additional defendant.

SWEET, P. J., April 10, 1967.—This case presents a pleading problem with some slight overtones of philosophical interest. It appears to be an ordinary fall case. Watt sued Norton Wright, a demolition contractor, and the city. The city then brought in Washington and Jefferson College as an additional defendant. Wright doesn't think this was done artis-

tically and wants to bring the college in as an additional defendant with other and sharper averments. The college has taken preliminary objections. The college says that it cannot be joined as an additional defendant by Wright because it is already joined once as an additional defendant by the city and, further, that Wright's move, a joinder without leave of court, came after the 60 day period had expired.

Wright's counsel makes a fervent plea that no party is prejudiced by the delay, that the pleadings are not yet closed, and that W. & J. is standing on "the kind of gamesmanship which the law has come to abhor". He urges us to "direct the incorporation of paragraphs 9, 10, 12 and 13 from Wright's Additional Defendant Complaint into that of the City of Washington". He says this "happy solution" was employed in Cooper v. George C. Dewar, Inc., 104 Pitts. L. J. 13 (1955).[1]

W. & J.'s preliminary objections seem to be on solid ground. Rule 2252(a) of the Pennsylvania Rules of Civil Procedure provides that: "In any action the defendant or any additional defendant may file as of course a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him". Unless the framers of the rule were guilty of uttering idle surplusage, the phrase, "not a party to the action", means just what it says: one may join any person *not a party to the action.* History reinforces semantics here. "Under the Act of April 10, 1929, P. L. 479, as amended, 12 PS §141, one who is already on the record as a

---

[1] True. It was done rather as an afterthought at the end of an otherwise sound opinion and, significantly, no authority for such an innovation was cited. We are obviously not coerced by this Allegheny County case and, on balance of reason, as later set forth, are reluctant to accept it as authoritative.

defendant cannot be brought in again on scire facias as an additional defendant. *Shapiro v. Philadelphia,* 306 Pa. 216. . . . The principle has not been changed by the Rules of Civil Procedure. Cf. Goodrich-Amram, §2252, Note": Muldowney v. Middleman, 176 Pa. Superior Ct. 75 (1954).

Since our present third party joinder procedure is a direct outgrowth of the scire facias procedure of the previous legal generation, the historicity of the rule is clear.

A question very similar to this arose in Schuylkill County in Leiby v. Cappello, 55 Schuyl. 173 (1960), and it was decided adversely to him who sought to join a party already on the record. It also seems to us that to grant an exception to the general rule here would be of no service to the procedural law. Every time one of several original defendants thought he could join an additional defendant more artistically, more tightly, or perhaps even more prejudicially, he would seek to do so. To one joinder, additional defendant might plead, and another demur, with inevitable complications. The thus doubly summoned additional defendant might raise new matter in one answer and not in the other. The pleading situation in Pennsylvania, already past simplicity, could tend toward confusion worse confounded.

There are philosophical objections, too. To join a party already of record is to hale into court a man already there. It seems a nullity to join a party already joined—the law detests duplicity of action. If the first joinder joins him, what does the second do?

Mr. Keller's suggestion that we graft certain paragraphs of his pleading into the other original defendant's complaint likewise bodes no good for the adversary system. Pleadings are the free will act of the pleader, and to impose on one party as his pleading that which another party seeks to incorporate, yet

pleader wills to resist, could make for further dilatory steps. What, for instance, if the proposed paragraphs were deemed scurrilous by the party whose pleadings were thus involuntarily amended, or what if these averments contradicted the fundamental theory of the first pleader?

It may be argued that our approach takes refuge in the formalism of a bygone day. But the mind rebels also at the utter informality of chaos created when one of two adversaries involuntarily amends another's pleading. To us, just as it is conceptually impossible to join a party who is already joined, so it is an academic nightmare to let one party write another's pleadings against his will. If Wright cannot entice the city to adopt his language, we will not make them accept it either.

There is another technical reason why original defendant Wright's proposal cannot here prevail. The 60 day rule of Pa. R. C. P. 2253 is clear and clean-cut. It says:

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown. . . . As amended September 1, 1958".

Wright was served on September 2, 1966, and sought to join Washington and Jefferson College on January 23, 1967, without court approval. "Whether or not there was good cause shown for the granting of the extension of time was a matter within the discretion of the court below": Marnell v. Cross, 372 Pa. 82 (1952). No cause whatever was shown us. In Moore v. Thomas Moore Distilling Company, 234 Pa. 413 (1912), the Supreme Court said:

"The allowance or refusal to allow an extension of time in which to plead or answer, is a matter within the discretion of the court in which the proceeding is pending. It is a power indispensable to the proper conduct of the business of the court, and nothing short of gross abuse would warrant a reversal of its order".

Since no cause was shown us, not even the courtesy of an application having preceded the peremptory joinder, we can hardly be wrong in withholding our approval now.

Judge Aldisert of Allegheny County has collected many of the cases on this subject in a recent opinion, McCann v. Dumm, 112 Pitts. L. J. 214 (1964). He points out that the lower court is entirely without power to extend the 60 day limit as a matter of course: Christman v. Chadderton, 55 D. & C. 325 (1945). "When no cause whatever is presented to explain the delay, the courts will refuse to grant an extension. Pennsylvania courts have unfailingly applied this principle. (Citing cases.) The mere fact that a party would not be prejudiced, however, is not of itself sufficient cause to permit the extension sought": citing Rupp v. Amsley, 85 D. & C. 233 (1953).

The time-honored, long-standing and well-considered rule of charitable immunity has recently been breached. Whether this breach will remain in the category of an exception for meritorious cases or be widened to allow the torrent of litigation to swamp, engulf, and perhaps even overflow our churches, colleges, almshouses, and other charities is at the present moment uncertain.[2] However, it is at least arguable that we should not be astute in 1967 to change the rules of the game in the middle to drag Washington and Jefferson College into this suit on new and other averments

---

[2] See all the opinions: majority, concurring, and two dissents, in Dillon v. York City School District, 422 Pa. 103 (1966).

for a tort which happened at 7:30 a.m., Monday, January 4, 1965. From the time of Flagiello v. Pennsylvania Hospital, 417 Pa. 486 (1965), decided March 22, 1965, the trustees and managers of eleemosynary institutions knew that another threat to their continued existence and prosperity had been achieved by the courts. From that day on, they could act accordingly. This set of facts, at least, is not the place to read retroactively into the dubious doctrine of Flagiello.[3]

Under all these circumstances, the prayer of the preliminary objections of Washington and Jefferson College is sustained. The complaint of the original defendant Norton Wright to join Washington and Jefferson College again or, in the alternative, to apply averments to his extant joinder will be refused. An exception is noted to Wright.

---

[3] Bell, C. J., dissenting in Flagiello, said: "(10) If charitable immunity is to be abolished it should be abolished prospectively instead of retroactively. Retroactive application will raise difficult Constitutional questions and questions of statutory limitation, and will likely subject all charities to suits for injuries and real or imaginary ailments which allegedly occurred in the last two or more years and for which the charities are not and could not be prepared".