Commonwealth ex rel. Buonocore *v.* Buonocore, Appellant.

Argued March 20, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Louis J. Sinatra,* with him *Levy and Levy,* for appellant.

*Thomas L. Kelly,* with him *Eckell, Sparks, Vadino, Auerbach & Monte,* for appellee.

OPINION BY CERCONE, J., June 24, 1975:

This is an appeal from the order of the court below directing the appellant-wife, Agnes Buonocore, to pay her husband, Bernard Buonocore, $30 per week for the partial support of their two minor children. For the reasons that follow we affirm the lower court's order.

The parties were married in May of 1958, and are the natural parents of the two minor children here involved. In May of 1973, the wife separated herself from her husband and their children, and moved to Delaware County, Pennsylvania. The husband and two minor children have resided continuously in Wilmington, Delaware. Since the separation the husband has had the entire responsibility for the support and maintenance of the two minors. The instant controversy arose in March of 1974, when the husband filed a petition for partial support of the children.

There are two issues presented by this appeal. The first is whether the husband properly demonstrated a right to the entry of a support order for the support of the two minor children residing with him. Secondly, whether the support order entered by the lower court was excessive under all of the circumstances.

The husband's petition for support of the two minor children is predicated upon the Act of June 24, 1937, P.L. 2045, Section 3, as amended, 62 P.S. §1973, entitled "Relatives liable for the support of indigent person; procedure to enforce support." This Section provides in pertinent part as follows:

> "The husband, wife, child, (except as hereinafter provided), father and mother of every indigent person, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides shall order or direct ..."

The wife argues that the husband and the two minor children failed to establish that they are indigent as required by the above statute. The question of indigency, however, related solely to the minor children since the husband has brought an action for support of the children and not of himself. In the case of *Commonwealth ex rel. Home for the Jewish Aged v. Kotzker*, 179 Pa. Superior Ct. 521, 525 (1955), we stated the following with regard to the term "indigent" as it applies to the aforementioned Act:

> " 'Indigent' is not defined in the Act, but it is specifically provided that such person need not be a public charge, indicating therefore that such 'indigent' need not be 'helpless and in extreme want; so completely destitute of property as to require assistance from the public' as contended by appellant. By 'indigent' persons is meant those who have not sufficient means to pay for their care and maintenance themselves. (Citations omitted.) 'Indigent' therefore includes but is not

limited to those who are completely destitute and helpless."

As hereinafter demonstrated, the lower court properly concluded that the husband's income could not adequately provide for the support and maintenance of the two minor children. Therefore, the children are "indigent" within the meaning of 62 P.S. §1973, supra, *Commonwealth ex rel. Goodman v. Delara,* 219 Pa. Superior Ct. 449 (1971). Accordingly, the wife, "if of sufficient financial ability," has an obligation to contribute to the support of her indigent, minor children. 62 P.S. §1973, supra.

Furthermore, in *Conway v. Dana,* 456 Pa. 536 (1974), the Supreme Court dispelled any doubts as to the extent of a mother's obligation to contribute to the support of her minor children.

"We can best provide for the support of minors by avoiding artificial division of the panoply of parental responsibilities and looking to the capacity of the parties involved. Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability." *Id.* at 540.

In light of *Conway v. Dana,* supra, and the enactment of the Equal Rights Amendment to the Constitution of this Commonwealth,[1] it is clear that both parents have an obligation to share in the support of their children to the extent of their financial capacity and ability.

We now turn to the question of whether the support order in the amount of $30 per week was excessive under all of the circumstances.

The husband has an average net income of $166 per week. The wife has net earnings amounting to $140 per

---

1. "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." Pa. Constitution, Article I, Section 28, 1970, (adopted May 18, 1971).

week. The expenses for the care and maintenance of the two minor children are approximately $113 per week.

Under the evidence of this case we do not find the support order excessive. As the lower court found, "The Respondent's income represents forty-six per cent of the combined net income of the parties. The Support Order represents twenty-one per cent of her net income and only twenty-six per cent of the financial needs of the children. Even if the weekly needs of the children were reduced to $45.00 per child, the Respondent would be paying for only one-third of the financial needs of the children despite the fact that she has forty-six per cent of the combined net income." In looking at the evidence of income of husband and wife in this case we are convinced that the order against the wife was reasonable. Deducting the wife's personal living expenses of $104 from her net income of $140 she has $36 usable income per week of which $30 is ordered against her for the support of the children. On the other hand, the husband has $59 usable income after his personal living expenses of $107 are deducted from his net income of $166. It is obvious that the husband does not have sufficient usable income to meet the financial needs of the children even after receiving the $30 contribution from the wife since he must still contribute $83 to give sufficient support to the children. The lower court took all the evidence into consideration and we cannot say it erred in fixing the order against the wife. It took into consideration the fact that the husband had a substantial asset in the family house in which the wife, by a separation agreement, relinquished all her right, title and interest. In addition the court also considered the fact that the wife relinquished all her right, title and interest in jointly owned personalty. This explains the court's order which reflected that it felt the husband could afford to pay $83 a week toward the support of the children.

The order of the lower court is affirmed.