461 A.2d 293

**Regina DOWNIE**

v.

**Edward DOWNIE, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1983.

Filed June 3, 1983.

Charles C. Shainberg, Philadelphia, for appellant.

John Alden, Wayne, for appellee.

Before CIRILLO, JOHNSON and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the Delaware County Court of Common Pleas granting appellee's petition to increase support, and denying appellant's cross petition to decrease support.

The present action was initiated by appellee wife's petition to increase support. Appellee sought an increase in support on the basis of an increase in expenses. In response, appellant husband filed a petition to decrease support, alleging as a basis that appellee was now working, and had not been at the time of the original order, and that one of the children on the prior order had become self-supporting.

The original support order in this action was entered in 1978. That order required appellant to pay appellee the sum of $126 per week, with $30 allocated to the support of appellee, and $32 allocated to the support of each of three children in appellee's custody.

After conducting a hearing, the trial court sustained the recommendation of the master and modified the original order, granting the increase requested by appellee. The order entered removed one child, and directed appellee to pay $126 per week; $26 to be allocated to appellee, and $50

to be allocated to each of two children. In addition, appellant was directed to pay $330 in arrearages at the rate of $10 per week. This appeal followed.

On appeal, appellant argues that the trial court erred in denying his petition for reduction. As this is an appeal from a ruling on cross petitions, implicit in this is the argument that the trial court erred in granting appellee's petition for an increase. Although appellant's specific assertions of error are vague, it is clear that one of them is that the trial court failed to consider appellee's earnings in fixing the amount of support owed.

■ It is well settled that in a support case this court will not normally reverse unless there has been an abuse of discretion on the part of the trial court. *Commonwealth ex rel. Caswell v. Caswell,* 280 Pa.Super. 359, 421 A.2d 762 (1980); *Commonwealth ex rel. ReDavid v. ReDavid,* 251 Pa.Super. 103, 380 A.2d 398 (1977); *Bell v. Bell,* 228 Pa.Super. 280, 323 A.2d 267 (1974). Among those situations which constitute an abuse of discretion are those where the law is overridden or misapplied. *Prescott v. Prescott,* 284 Pa.Super. 430, 426 A.2d 123; *Commonwealth v. One 1961 Buick Special 4-Door Sedan,* 204 Pa.Super. 293, 204 A.2d 288 (1964); *Adelman v. John McShain, Inc.,* 148 Pa.Super. 138, 24 A.2d 703 (1942).

In the landmark case of *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974) our Supreme Court held that:

Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability. Thus, when we consider the order to be assessed against the father, we must not only consider his property, income and earning capacity but also what, if any, contribution the mother is in a position to provide.

*Conway v. Dana, supra,* 456 Pa. at 540, 318 A.2d at 326. Certainly the trial court was aware of the *Conway* case and in fact cites to it in its opinion (Slip opinion, trial court at 3).

As the discussion below will demonstrate however, mere recitation of the legal principle does not equate with compliance.

Under circumstances similar to those in the case *sub judice,* where both parents were wage earners, this court stated that for purposes of determining whether the rule of *Conway v. Dana* was satisfied it is necessary to know the expenses entailed in child support. *Commonwealth ex rel. Lyle v. Lyle,* 248 Pa.Super. 458, 375 A.2d 187 (1977). See also *Commonwealth el rel. Buonocore v. Buonocore,* 235 Pa.Super. 66, 340 A.2d 579 (1975). These expenses, once known, should then be divided between both parents in a manner equitably proportioned to their relative incomes. *Id.*

■ Looking to the record here, we are unable ourselves to determine what the expenses of child support are, and cannot tell what the trial court considered them to be. Regarding appellee's expenses the opinion of the trial court states that "The expense sheets of the parties show that the prosecutrix has an income of $119 per week and expenses of $289 per week, while the respondent has an income of $315 per week and expenses of $182 per week." (Slip opinion, trial court at 2).[1] The next paragraph however states that "the prosecutrix testified that her expenses now total $347 per week ..." *Id.* These two statements are the only ones in the opinion which refer to appellee's expenses. Obviously there is a conflict. It is impossible to make any sort of equitable apportionment of expenses without first fixing on a *single* figure which represents the amount of those expenses.

Assuming there was a single figure for appellee's expenses however, there would still be a problem in this case. The evidence in the record as to appellee's expenses refers to her expenses and the children's combined (N.T. 12). There is no separate figure representing expenses for the

1. Actually the tabulated expense sheet of appellee shows expenses of $347 per week. The figure of $289 is written at the top of the sheet however.

children only. As a practical matter such a figure would have to be known if it is to be equitably apportioned. Assuming arguendo that appellee's and the children's combined expenses are $289, $5 may represent expenses for the children or $250 may represent expenses for the children. Without knowing such an amount, the trial court could not properly have complied with the requirements of *Conway v. Dana, supra.* Consequently, we must remand the case in order for it to do so.

Accordingly, the order of the trial court is reversed and the case is remanded. This court does not retain jurisdiction.